Military fay; retired fay (disability); entitlement to higher disability rating. — On October 28, 1976 the court entered the following order.
*378 ; Before SkeltoN, Judge,, Presiding, Kashiwa and Eunzíg, Judges.
“This case conies before the court on plaintiff’s motion and defendant’s cross motion for summary judgment. There is no genuine issue as to any material fact.
“Plaintiff was discharged from the Air Force with severance pay based on a combined compensable permanent disability rating of 20 per cent. Plaintiff contends that the rating should-be-30 per cent and that the compensable disability rating of 20 per cent recommended by the Formal Physical Evaluation Board (PEB), concurred in by the Physical Review Council and approved by the Air Force Personnel Board and the Secretary of the Air Force, is unreasonable and against the weight of the evidence. To support this claim plaintiff makes generalized allegations of a lack of analysis of the evidence by the PEB.
“In addition, plaintiff introduced before oral argument the statements of certain doctors who gave their opinions of what plaintiff’s condition was subsequent to his discharge, almost three years after the date of the PEB proceedings. Although the admissibility of such evidence is doubtful and hot determinative of the issues presented herein, we assume that it is intended to show that the evidence before the PÉB was so incredible that no one undertaking to arrive- at a fair and impartial decision could have given it credence. Johnston v. United States, 157 Ct. Cl. 474, 478 (1962). The evidence introduced by plaintiff in this case falls short of this. Nevertheless, even assuming that the statements by plaintiff’s private physicians did in fact bear out plaintiff’s contention that he should have received'at-least a 30 percent rating, the-record would then present a pure conflict of medical testimony. The action by the Air Force cannot be said to be arbitrary of capricious or not supported. by substantial evidence because one medical view is. accepted rather than another. Weslowski v. United States, 174 Ct. Cl. 682, 692 (1966); Rae v. United States, 159 Ct. Cl. 160, 170 (1962).
“For plaintiff to prevail in this action, he .must show evidence that the action of 'the Secretary of the Air Force discharging him with a 20 percent .disability rating was arbitrary or capricious or contrary to the evidence. Unterberg v. *379 United States, 188 Ct. Cl. 994, 412 F. 2d 1341 (1969); Ward v. United States, 178 Ct. Cl. 210 (1967); Furlong v. United States, 153 Ct. Cl. 557 (1961). Plaintiff has failed to establish. that the decision by the Secretary of the Air Force, affirming the recommendations of the Formal PEB and the Physical Beview Council, was arbitrary, capricious,- or unsupported by substantial evidence. Therefore, '
“it is ordered that plaintiff’s motion for summary.-, judgment be and is hereby denied, that defendant’s cross motion for summary judgment be and is hereby granted, and that plaintiff’s petition be and is hereby dismissed.”