**Ronald D. ISTIVAN**

v.

**The UNITED STATES.**

**No. 369–81C.**

United States Court of Claims.

Sept. 22, 1982.

---

Keith A. Rosenberg, Washington, D. C., attorney of record, for plaintiff; Newrath, Meyer & Faller, P. C., Washington, D. C., of counsel.

Adrian C. Hunte, with whom was Asst. Atty. Gen. J. Paul McGrath, Washington, D. C., for defendant; Captain Steven M. Post, Army, JAGC, Washington, D. C., of counsel.

Before FRIEDMAN, Chief Judge, and DAVIS and BENNETT, Judges.

## ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

BENNETT, Judge:

This military pay claim challenges an Army Board for the Correction of Military Records (ABCMR) decision denying plaintiff's application for an increase in his disability rating upon removal from the Temporary Disability Retired List (TDRL). In essence, an increased disability rating (of 30 percent or over) would result in plaintiff's entitlement to retirement pay (10 U.S.C. § 1201) rather than severance pay (10 U.S.C. § 1203). It is undisputed that this claim for money is clearly within our jurisdiction. Defendant has brought a motion for summary judgment, which plaintiff opposes. It is defendant's position that the ABCMR decision is supported by substantial evidence. Since we hold that plaintiff's removal from the TDRL and assigned disability rating is not supported by substantial evidence, we deny the motion and remand the case to the ABCMR for reconsideration.

Plaintiff was appointed as a second lieutenant in the Army Reserve, and entered active duty on June 10, 1969. In January 1970, plaintiff began to experience loss of appetite and abdominal pain.[1] In May 1970, plaintiff was admitted to an Army hospital, where exploratory surgery revealed regional enteritis involving the terminal ileum. Plaintiff underwent a resection of the terminal ileum and a short portion of the ascending colon. Following surgery, plaintiff experienced frequent occurrences of diarrhea which medication failed to control.

On January 31, 1972, a Physical Evaluation Board (PEB) found that plaintiff was medically unfit for further military service, and recommended that he be placed on the

---

[1]. The fact that plaintiff's disability was service-related is not disputed.

TDRL with a disability rating of 30 percent. Plaintiff was diagnosed as suffering from regional enteritis (moderately severe). On April 14, 1972, plaintiff was placed on the TDRL in the retired grade of captain and assigned a rating of 30 percent. The Veterans Administration (VA) also assigned plaintiff a disability rating of 30 percent, apparently without an independent examination. In 1974 plaintiff underwent a periodic examination, as required for all members on the TDRL. On August 5, 1974, the PEB concluded that plaintiff's condition had not stabilized, and recommended his retention on the TDRL with a reexamination in 1976.[2]

Plaintiff was reexamined on March 26, 1976. The examining physician confirmed plaintiff's recurrent problems with diarrhea and recommended his retention on the TDRL with a final examination in one year. On the same date, a medical board (MB) unanimously confirmed these recommendations and forwarded the case to the PEB for final approval. Plaintiff was notified of the MB's recommendations by a letter dated April 26, 1976.

On May 7, 1976, the PEB, after reviewing plaintiff's condition as described in the records, concluded that plaintiff's "condition has stabilized to the point that a permanent degree of severity can be determined. Variation in the rating between the original PEB findings at 30 percent and the present finding at 10 percent reflects the degree of improvement that the member has experienced during his period on TDRL." Plain-

tiff's condition was diagnosed as regional enteritis (moderate). Accordingly, the PEB recommended a rating of 10 percent and that plaintiff be separated from the service with severance pay.[3]

Plaintiff was apprised of these findings, and elected to have a formal hearing before the PEB. On July 14, 1976, a formal hearing was held, with plaintiff represented by counsel. Plaintiff and his wife testified to his continuing medical problems, and submitted additional medical evidence indicating further complications.[4] After deliberating for 20 minutes, the formal PEB upheld the recommendation that plaintiff be assigned a disability rating of 10 percent, and be separated from the service with severance pay. Plaintiff was so advised orally at the time. At the time of the hearing, plaintiff had successfully completed law school and was employed as a law clerk to a state court judge.[5]

By a letter dated September 8, 1976, plaintiff was formally informed that he would be removed from the TDRL and discharged from the Army, effective September 30, 1976. Plaintiff was also informed that he would be entitled to severance pay, as authorized by 10 U.S.C. §§ 1203, 1212. Plaintiff appealed to the ABCMR by an application dated August 25, 1976, seeking a combined disability rating of over 50 percent. By a form letter dated January 17, 1978, the ABCMR—after reviewing the medical records, the evidence submitted by plaintiff and an opinion by the U. S. Army

2. AR 635–40 ¶ 7–11 states that a member will be removed from the TDRL "at the end of the 5-year statutory period [see 10 U.S.C. § 1210(b)], or sooner upon determination by the Secretary of the Army that the member's disability has become permanent (stabilized) or has improved to the extent that he is less than 30 percent disabled * * *."

3. The VA disability rating for "Enteritis, chronic" states: "Rate as for irritable colon syndrome." The latter provides, in pertinent part, the following descriptions and ratings: "Severe; diarrhea, or alternating diarrhea and constipation, with more or less constant abdominal distress ... 30"; "Moderate; frequent episodes of bowel disturbance with abdominal distress ... 10."

4. Plaintiff submitted reports from private physicians which detailed liver and eye problems possibly related to plaintiff's enteritis.

5. Defendant uses this fact to bolster its argument that the board's decision was supported by substantial evidence. However, the PEB and ABCMR did not cite this fact as a basis for their decisions. Also, plaintiff and his wife testified to his difficulties in performing his job because of his disability. Furthermore, plaintiff argues that he is partially disabled (30 percent or more), not totally disabled (100 percent).

Physical Disability Agency which stated that such evidence did not show error (in its prior rating determination)—decided that no error or injustice had occurred and denied plaintiff's application. Plaintiff filed suit in this court on June 9, 1981.

In his petition, plaintiff challenges the decision to remove him from the TDRL with a 10-percent rating on two grounds: (1) the decision to remove plaintiff from the TDRL on September 30, 1976, was arbitrary, capricious, contrary to law and regulation and unsupported by the evidence in that plaintiff was and is suffering from regional enteritis entitling him to a 30-percent disability rating; and (2) the decision of the ABCMR denying plaintiff's application for correction of military records was arbitrary, capricious, contrary to law and governing regulations, and lacking in substantial evidence in that plaintiff should have been retained on the TDRL with a 30-percent rating. As a result of these allegedly illegal actions, plaintiff is seeking disability retirement pay and allowances from the date of his removal from the TDRL to the date of judgment, and correction of his military records.

We agree with defendant's statement that, in the final analysis, plaintiff's claim is not whether his condition was permanent (or whether he should be returned to active duty), but the percentage of the disability rating assigned. As mentioned earlier, if plaintiff was discharged with a 30-percent rating, he would have been eligible for retirement pay under 10 U.S.C. § 1201.

Since plaintiff was discharged with a 10-percent rating, he was only entitled to severance pay under 10 U.S.C. § 1203. The crucial question before us, then, is whether the decision to discharge plaintiff with a 10-percent rating was contrary to law.

■ As defendant correctly points out, the Secretary of the Army has been given discretion under 10 U.S.C. § 1201 to determine whether a service member is physically disabled or fit for duty at the time of discharge, and if not, which disability rating the member should receive. *Finn v. United States,* 212 Ct.Cl. 353, 356, 548 F.2d 340, 342 (1977). It is well settled that our standard of review of a board's decision is whether it was arbitrary, capricious, unsupported by substantial evidence or not in accordance with applicable statutes, regulations or mandatory published procedure. *Sanders v. United States,* 219 Ct.Cl. 285, 298, 594 F.2d 804, 811 (1979); *Cooper v. United States,* 203 Ct.Cl. 300, 304 (1973).

Here we have a situation where plaintiff was placed on the TDRL for over 4 years with a disability rating of 30 percent.[6] The VA also determined that plaintiff's disability warranted a 30-percent rating.[7] Prior to his discharge, each MB determined that plaintiff's condition had not stabilized. At the time of plaintiff's last examination (on March 26, 1976), his condition would appear to be at least as severe as when he was first placed on the TDRL.[8] Just 6 weeks after an MB recommended retention on the TDRL, the PEB suddenly determined that plaintiff's condition had stabilized, and that

6. As defendant points out, once a member on the TDRL is assigned a disability rating, it cannot be changed until the time of the permanent rating. AR 635–40 ¶ 7–20b. Also, we have previously held that " '[I]t is only the condition which exists at the time of removal from the [temporary] list that is pertinent.' " *Craft v. United States,* 210 Ct.Cl. 170, 185, 544 F.2d 468, 476 (1976). However, if it can be shown that there was little or no improvement from the time of the initial rating to the date of removal from the TDRL, the earlier rating would be of probative value.

7. While a VA determination of the degree of disability is not binding on the court, it may be persuasive. *Cooper v. United States,* 178 Ct.Cl. 277 (1976). It is not clear from the record to

what extent, if any, the VA rating was based upon an independent evaluation of the medical evidence.

8. The main symptom of plaintiff's disability is diarrhea. The MB report on December 22, 1971 (right before the PEB recommended that plaintiff be placed on the TDRL with a 30-percent rating), stated that plaintiff had diarrhea three to four times a day, with an exacerbation of symptoms (approximately) every 4 to 6 weeks. The MB report on on March 26, 1976 (the last one before the PEB recommended that plaintiff be removed from the TDRL with a 10-percent rating) stated that plaintiff had diarrhea six to seven times a day.

his condition warranted only a 10-percent rating due to the "improvement" plaintiff experienced while on the TDRL. As far as we can determine, this decision was based on *exactly* the same medical evidence as led the MB to conclude that plaintiff's condition had not stabilized.[9] As noted before, the ABCMR on January 17, 1976, denied plaintiff's application with a boilerplate form stating that no material error or injustice had occurred in the earlier decision to remove plaintiff from the TDRL with a 10-percent rating. This advice was followed on March 8, 1978, by a letter from the Adjutant General to the same effect.

While it is established that this court may not substitute its judgment on the medical evidence for that of the military authorities, *Stromfeld v. United States,* 211 Ct.Cl. 377 (1976), the decision of the military must be *supported* by substantial evidence. Nowhere in the record can we find a statement of the reasons—as opposed to a mere conclusion without any reference to the evidence which might support such a conclusion—why plaintiff was to be discharged with a reduced disability rating. Given the circumstances existing at the time of the PEB decision, it cannot be said that plaintiff's "improvement" was so obvious as to obviate the need for any explanation of the reduced disability rating.

We have previously held, in the military retirement area, that the usual deference given to a board's decision is predicated upon a discussion, in writing, of the reasons for a board's actions. *Craft v. United States,* 210 Ct.Cl. 170, 180, 544 F.2d 468, 474 (1976). As this court noted in *Beckham v. United States,* 183 Ct.Cl. 628, 392 F.2d 619 (1968):

> A *naked conclusion* and mere recitation that the opinion is based upon all of the evidence without an analysis of the evidence in writing * * * *is inimical to a rational system of administrative determination and ultimately inadequate.* * *

"In these circumstances [summary and sketchy findings and reasoning by the administrative Board] we cannot give as much deference to the Board's determination as if it had given detailed findings to support, and fuller explanations of the reason for, its conclusion." [*Id.,* 183 Ct.Cl. 636, 392 F.2d at 622–23 (emphasis added, citations omitted)].

The situation here is similar to that in *Versaci v. United States,* 185 Ct.Cl. 672, 403 F.2d 246 (1968), where we stated:

> Such a determination, "conclusionary in nature," making it impossible to "determine what weight was given to the evidence," and which does not "discuss the details or specify precisely what items of evidence were considered," cannot be sustained. [*Id.,* 185 Ct.Cl. at 691, 403 F.2d at 256].

If judicial review in the military retirement area is to have any meaning at all, an administrative determination based upon a mere statement of conclusions, where conflicting evidence is substantial, cannot be accorded the requisite finality.

In addition to the judicial principles set out above, the PEB's failure to explain its actions adequately was contrary to the Army's own regulations. As a general consideration, AR 635–40, App. B, § 1.3, entitled "Higher of Two Evaluations," states:

> Where there is a question as to which of two percentage evaluations shall be applied, the higher evaluation will be assigned if the disability picture more nearly approximates the criteria for that rating. Otherwise the lower rating will be assigned. When after careful consideration of all reasonably procurable and assembled data, there remains a reasonable doubt as to which rating shall be applied, such doubt will be resolved in favor of the member.

Even if it is assumed that the PEB determined that there was not a "reasonable

---

9. Although the MB did not specifically state that plaintiff's condition had not stabilized or improved, this is implicit for it did recommend that plaintiff be retained on the TDRL with a reevaluation in one year. Presumably, the MB

was aware of AR 635–40 ¶ 7–11 which states that a member will be removed from the TDRL only where it is determined that a member's disability has stabilized or he is less than 30 percent disabled.

doubt" that plaintiff's condition (enteritis) most closely approximated a 10-percent rating, the PEB should have so stated, particularly in light of substantial evidence to the contrary.

AR 635–40 § 7–20b states: "The PEB will explain in item 16, DA Form 199 [the form used to notify a member of the PEB's findings and recommendations], the reason for variations between the original action (findings, recommendations or ratings) which caused the member's placement on the TDRL and current action removing him from the list. Explanations need not be lengthy, but must be understandable." *See also* App. D, No. 12, which directs the PEB to enter the "rationale" for its finding as to the disability rating assigned "in a brief summary understandable to the members." In the DA 199 forms, issued by the informal and formal PEB, item 16 (Remarks) is left blank. The closest either form comes to an "explanation" or "rationale" for the PEB actions are the following statements (contained in item 8, disability description): (1) "The PEB considers that member's condition has stabilized to the point that a permanent degree of severity can be determined. It is the judgment of the PEB that the present rating of 10% most accurately reflects the member's current condition." (DA 199 dated August 18, 1976); (2) "Variation in the rating between the original PEB finding at 30% and the present finding at 10% reflects the degree of improvement that the member has experienced during his period on TDRL." (DA 199 dated May 7, 1976.) These conclusionary statements fail to identify any evidence which might be used to support such a statement. While we would not go so far as to imply that a failure to abide by the regulations cited renders a board's decision invalid per se in every instance, they may be used as further support for the proposition that the PEB had a legal obligation at least to explain how it came to reach the conclusions it did.

■ For the reasons stated above, we find that the decision to discharge plaintiff with a 10-percent disability rating and the refusal of the ABCMR to reconsider the matter was not supported by substantial evidence, was arbitrary and capricious and violated applicable regulations. However, on the basis of the record before us, we cannot say that plaintiff is entitled to judgment as a matter of law. As mentioned earlier, this court is hesitant to substitute its medical judgment for that of the administrative authorities, particularly in light of the rather narrow factual determination involved; *i.e.,* whether plaintiff's condition at the time of his discharge warranted a disability rating of 10 percent or 30 percent. As a consequence and pursuant to the authority of 28 U.S.C. § 1491, we remand the case to the ABCMR with the following directions: (1) conduct a hearing, or thoroughly review the available evidence (if sufficient), to determine the extent of plaintiff's disability at the time of the discharge; (2) ascertain the reasons for the PEB's conclusion that plaintiff's condition had stabilized and improved during the time that plaintiff was on the TDRL; and (3) state the factual and legal basis for whatever determination is reached.

Upon consideration of the motion, briefs and exhibits, without oral argument, we conclude that the decision of the ABCMR denying plaintiff's petition is invalid and unsupportable as a matter of law. Defendant's motion for summary judgment is denied, and the case is remanded to the ABCMR for prompt proceedings consistent with our instructions. Further proceedings are stayed for not to exceed 6 months. Plaintiff's counsel is designated as the reporting party pursuant to Rule 149(f), and the parties' and the board's attention is called to Rule 150.