Ronnie MICKENS, First Lieutenant,
U.S. Army, HHC First COSCOM,
Ft. Bragg, N.C., Appellant,

v.

UNITED STATES of America, John O.
Marsh, Secretary, U.S. Army, Harry
Dukes, Maj. Gen. U.S. Army Quarter-
master School, Ft. Lee, Va. in his indi-
vidual & official capacity, Edward L.
Aschilman, Col., U.S. Army, in his offi-
cial & individual capacity, Ralph A. Ud-
ick, Col., in his official & individual
capacity, Appellees. (Two Cases)

Nos. 84–1660, 84–2151.

United States Court of Appeals,
Fourth Circuit.

Argued March 4, 1985.

Decided April 29, 1985.

Larry J. McGlothlin, Fayetteville, N.C.,
for appellant.

Major Paul K. Cascio, Office of the
Judge Advocate General, Dept. of the
Army, Washington, D.C. (Samuel T. Currin,
U.S. Atty., Raleigh, N.C., Rudolf A. Ren-
fer, Jr., Asst. U.S. Atty., Lieutenant Colo-
nel Marshall M. Kaplan, Office of the
Judge Advocate General, Dept. of the
Army, Washington, D.C., on brief), for ap-
pellees.

Before RUSSELL, PHILLIPS and MUR-
NAGHAN, Circuit Judges.

PER CURIAM:

This is an action brought by Ronnie
Mickens, formerly a Lieutenant in the Unit-
ed States Army, for declaratory, injunctive,
and monetary relief against the United
States and three of Mickens' superior offi-
cers [1] for placing a letter of reprimand in
his Official Military Personnel File (OMPF).
The district court refused to grant injunc-

---

1. The three individual defendants are Colonel
Ralph A. Udick, Colonel Edward L. Aschliman, and Major General Harry Dukes.

tive relief and instead granted summary judgment to the United States and to the individual defendants, and Mickens appealed. Finding that Mickens' claim for damages against his superior officers for alleged constitutional violations is meritless on the basis of *Chappell v. Wallace*, 462 U.S. 296, 103 S.Ct. 2362, 76 L.Ed.2d 586 (1983), and that substantial evidence supports inclusion of the letter of reprimand into Mickens' OMPF, we affirm

## I

This case arose as a result of the deterioration of the engagement between Mickens and Lieutenant Sharon Walker, who were both initially stationed at Fort Campbell, Kentucky. While Mickens was temporarily stationed at Fort Lee, Virginia, Lieutenant Walker had an affair with Sergeant Johnny Ward, a married, enlisted man. When Mickens subsequently learned of the Walker-Ward affair, he telephoned Ward. In a sworn affidavit, Ward stated that during the telephone conversation Mickens used vulgar language and repeatedly threatened to harm physically Lieutenant Walker. Upon learning of Mickens' conduct, Colonel Ralph A. Udick, the Commander of the Eagle Support Brigade at Fort Campbell, conducted an investigation and forwarded his findings to Colonel Edward L. Aschliman, the Commander of the U.S. Army Quartermaster Brigade at Fort Lee. Colonel Aschliman wrote a letter reprimanding Mickens for engaging in conduct unbecoming an officer—communicating an obscene and vulgar threat evidencing an intention to harm physically Lieutenant Walker and, after allowing Mickens to respond to the letter, recommended that the letter be placed in Mickens' OMPF. Major General Harry Dukes, the Commander of the U.S. Army Quartermaster Center at Fort Lee, reviewed the letter of reprimand and directed that the letter be placed in Mickens' OMPF. As a result of the letter of reprimand, and pursuant to Army regulations, all favorable personnel actions concerning Mickens were suspended, and Mickens was passed over for promotion to Captain. Mickens then sought expunction of the entire letter of reprimand in a complaint filed with the Department of the Army Suitability Evaluation Board (DASEB). The DASEB expunged any reference the letter made to Mickens' threat to harm physically Walker, but allowed the letter of reprimand to remain in Mickens' OMPF. Mickens then applied to the Army Board for Correction of Military Records (ABCMR) for removal of the letter of reprimand. The ABCMR denied Mickens' application, and this action followed.[2]

## II

The district court properly granted summary judgment for the individual defendants on Mickens' claim seeking damages for alleged constitutional violations. In *Chappell v. Wallace*, 462 U.S. 296, 305, 103 S.Ct. 2362, 2367–2368, 76 L.Ed.2d 586 (1983), the Supreme Court held that "enlisted military personnel may not maintain a [*Bivens*[3]] suit to recover damages from a superior officer for alleged constitutional violations," because of the unique disciplinary structure of the military establishment and Congress' plenary authority over the military. *See Trerice v. Summons,* 755 F.2d 1081, 1083–1084 (4th Cir.1985). The *Chappell* rationale applies equally to a suit brought by a subordinate officer against a superior officer, because, in either case, regardless of the identity of the subordinate, military discipline and Congress' plenary authority would be hampered if a subordinate were allowed to hale his superiors into a civilian court. In *Mollnow v. Carlton,* 716 F.2d 627, 630 (9th

2. Because Mickens was thereafter again passed over for promotion to captain, and due to the letter of reprimand and a court-martial for threatening a commissioned officer while stationed in Korea, the Department of the Army Active Duty Board (DAADB) selected Mickens for involuntary release from active duty. Mickens brought this action seeking, in part, to enjoin his discharge because the letter of reprimand led to his discharge.

3. *Bivens v. Six Unknown Named Agents of Federal Bureau of Investigation,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971).

Cir.1983), *cert. denied,* —— U.S. ——, 104 S.Ct. 1595, 80 L.Ed.2d 126 (1984), the Ninth Circuit extended *Chappell* to prohibit a *Bivens* action by an officer against his superiors, stating that "we believe the Court necessarily imposed a *per se* prohibition on the filing of *Bivens* -type actions by servicemen against their superiors." *See also Benvenuti v. Department of Defense,* 587 F.Supp. 348, 353 (D.D.C.1984). Accordingly, the district court properly entered summary judgment in favor of the individual defendants on Mickens' damage claim.[4]

Mickens next contends that the district court erred in finding that substantial evidence supports the ABCMR's decision that Mickens, during his conversation with Sergeant Ward, vulgarly communicated a threat to Lieutenant Walker. Assuming that we can review the decision of the ABCMR,[5] our standard of review of the ABCMR's decision is very limited: we must affirm that decision if it is supported by substantial evidence, is not arbitrary, and is in accordance with applicable law. *Heisig v. United States,* 719 F.2d 1153, 1156 (Fed.Cir.1983); *Istivan v. United States,* 689 F.2d 1034, 1037, 231 Ct.Cl. 671 (1982). In the case *sub judice,* Mickens regretfully concedes that he telephoned Sergeant Ward, and Ward's sworn affidavit supports the ABCMR's finding that Mickens vulgarly communicated a threat to Lieutenant Walker. Consequently, the district court properly denied Mickens declaratory or injunctive relief because substantial evidence supports the ABCMR's decision to retain the letter of reprimand in Mickens' OMPF.[6]

The judgment of the district court is accordingly

AFFIRMED.

4. Because we hold that Mickens' damage claim is barred under *Chappell,* we need not decide whether Mickens had either a protected property interest in continued military employment or a protected liberty interest in preserving his good name and reputation. *Cf. Sims v. Fox,* 505 F.2d 857 (5th Cir.1974) (en banc), *cert. denied,* 421 U.S. 1011, 95 S.Ct. 2415, 44 L.Ed.2d 678 (1975) (serviceman failed to establish a protectible property or liberty interest).

5. For a discussion of whether the judiciary may review internal military decisions, *see Mindes v. Seaman,* 453 F.2d 197 (5th Cir.1971) and *Williams v. United States,* 541 F.Supp. 1187, 1191 (E.D.N.C.1982).

6. Mickens does not, nor could he successfully, contend that the ABCMR's decision was arbitrary or not in accordance with applicable law.