Richard COLON

v.

**The UNITED STATES.**

No. 95–393C.

United States Court of Federal Claims.

May 22, 1996.

Tony Hernandez, III, Melbourne, Florida, attorney of record for plaintiff.

R. Alan Miller, Washington, D.C., with whom was Assistant Attorney General Frank W. Hunger, for defendant. Lt. Col. David L. Hayden and Maj. Christine Lerch, United States Army, of counsel.

## OPINION

YOCK, Judge.

This military disability retirement case comes before the Court on the defendant's motion to dismiss the Complaint for lack of jurisdiction pursuant to United States Court of Federal Claims Rule (RCFC) 12(b)(1). The defendant maintains that more than six years have elapsed since the accrual of the plaintiff's claim, and thus the claim is barred by the statute of limitations set forth by 28 U.S.C. § 2501 (1994). After a thorough review of the entire record, the defendant's motion to dismiss is granted.

### Factual Background

The plaintiff, Richard Colon, a former enlisted member of the United States Army, was injured in a motor vehicle accident on August 22, 1983, while serving on active duty. On February 20, 1985, a Medical Evaluation Board (MEB) evaluated the plaintiff to determine the extent of his injuries. Following its evaluation, the MEB recommended that a Physical Evaluation Board (PEB) evaluate the plaintiff.

On April 30, 1985, an informal PEB assigned the plaintiff a 20 percent disability rating for his back condition. On August 9, 1985, at the plaintiff's request, the informal PEB reconsidered the plaintiff's case and increased the plaintiff's disability rating to 40 percent.

On September 12, 1986, the Army determined that the plaintiff's condition was incurred in the "line of duty." This formal determination is a necessary predicate to receiving disability benefits from the Army. See 10 U.S.C. §§ 1201(2), 1203(2) (1994). Because of the length of time between the August 1985 PEB and the September 1986 line-of-duty determination, the Army required the plaintiff to go before a second MEB.

The second MEB reviewed the plaintiff's case on March 20, 1987, and recommended that the plaintiff's disability rating be made by a second PEB. On May 7, 1987, an informal PEB lowered the plaintiff's disability rating from 40 percent to 20 percent. The plaintiff disagreed with the informal PEB's findings and requested a formal PEB. On June 10, 1987, a formal PEB upheld the 20 percent disability rating. The plaintiff filed a rebuttal to the PEB decision on July 27, 1987, and the PEB affirmed the 20 percent rating on July 31, 1987. On August 10, 1987, an Assistant Adjutant General of the United States Army Physical Disability Agency (USAPDA) approved the PEB's determination on behalf of the Secretary of the Army. The plaintiff was honorably discharged from the Army on September 30, 1987, with a 20 percent disability rating.

On July 13, 1988, the plaintiff applied to the Army Board for Correction of Military Records (ABCMR), alleging that the Army had incorrectly rated his disability at 20 percent and requesting that he receive a medical rather than an administrative discharge. On November 21, 1988, the Department of Vet-

erans Affairs (VA) made its own evaluation of the plaintiff, assigning him a 40 percent disability rating and diagnosing him as having a nervous condition. Following the VA's evaluation, on February 26, 1990, the plaintiff filed a second ABCMR application, alleging that the Army failed to diagnose his nervous condition. On February 7, 1991, the plaintiff raised additional issues before the ABCMR relating to the Army's alleged failure to properly and expeditiously handle his case.

On January 29, 1992, the ABCMR denied the plaintiff's application. In its denial, the ABCMR addressed the differing disability determinations assigned to the plaintiff by the Army (20 percent) and the VA (40 percent):

> The rating action by the VA does not necessarily demonstrate any error or injustice in the Army rating. The VA, operating under its own policies and regulations, * * * awards ratings because a medical condition is related to service, i.e., service-connected. Furthermore, the VA can evaluate a veteran throughout his lifetime, adjusting the percentage of disability based upon that agency's examinations and findings. The Army must find unfitness for duty at the time of separation and award an appropriate disability rating before a member may be medically retired or separated.

The ABCMR denied the plaintiff's request for reconsideration on February 10, 1993.

The plaintiff filed a Complaint with this Court on June 8, 1995. In his Complaint, the plaintiff alleges that the ABCMR, in upholding the Army's 20 percent disability rating of the plaintiff, never explained the weight it gave to the VA's 40 percent disability determination. For this reason, the plaintiff seeks to have this Court remand the case back to the Army's correction board.

The defendant argues that the plaintiff's claim is barred by the statute of limitations. The defendant maintains that the plaintiff's cause of action accrued either on June 10, 1987, when the formal PEB upheld the plaintiff's 20 percent disability rating or on September 30, 1987, when the plaintiff was discharged from the Army. By the defendant's theory, the statute of limitations on the plain-

tiff's claim expired no later than September 30, 1993, six years from the plaintiff's discharge and almost two years before the plaintiff brought suit in this Court.

The plaintiff responds that his cause of action did not accrue until January 29, 1992, the date of the ABCMR's decision denying his claim. The plaintiff reasons that the failure of the ABCMR to adequately explain the weight it gave to the VA's disability determination gave rise to a new cause of action. Therefore, according to the plaintiff, his Complaint was timely filed on June 8, 1995, within six years of the ABCMR's January 29, 1992 decision.

### Discussion

■ The time limit for filing a case in this Court is governed by 28 U.S.C. § 2501, which requires that a claim be filed "within six years after such claim first accrues." The time limit imposed by 28 U.S.C. § 2501 is jurisdictional and cannot be waived. *Hart v. United States*, 910 F.2d 815, 818–19 (Fed. Cir.1990). Moreover, the statute is strictly construed, *Tabbee v. United States*, 30 Fed. Cl. 1, 4 (1993), to avoid stale claims which might prejudice the defendant. *Sankey v. United States*, 22 Cl.Ct. 743, 745, *aff'd*, 951 F.2d 1266, 1991 WL 260869 (Fed.Cir.1991) (Table). *See also United States v. Kubrick*, 444 U.S. 111, 125, 100 S.Ct. 352, 360, 62 L.Ed.2d 259 (1979) ("It goes without saying that statutes of limitations often make it impossible to enforce what were otherwise perfectly valid claims. But that is their very purpose, and they remain as ubiquitous as the statutory rights or other rights to which they are attached or are applicable."); *Gordon v. United States*, 134 Ct.Cl. 840, 843, 140 F.Supp. 263, 265 (1956) (statute of limitations ensures claim is presented before facts are obscured by passage of time); *Marcos v. United States*, 122 Ct.Cl. 641, 645, 102 F.Supp. 547, 549 (1952) (statute of limitations bars stale claims which a party has been lax in asserting).

■ Generally, a cause of action against the Government first accrues when all of the events which fix the Government's alleged liability have occurred, and the plaintiff was

**518**

or should have been aware of their existence. *Anaheim Gardens v. United States,* 33 Fed. Cl. 773, 776 (1995). In military disability retirement cases, a claim accrues upon the final decision by an appropriate board. *Real v. United States,* 906 F.2d 1557, 1560 (Fed. Cir.1990); *Friedman v. United States,* 159 Ct.Cl. 1, 24, 310 F.2d 381, 395–96 (1962), *cert. denied sub. nom., Lipp v. United States,* 373 U.S. 932, 83 S.Ct. 1540, 10 L.Ed.2d 691 (1963). The PEB is an appropriate board to make a final disability determination, and its decision is adequate to trigger the running of the statute of limitations. *Fuller v. United States,* 14 Cl.Ct. 542, 544 (1988); *Steiner v. United States,* 9 Cl.Ct. 307, 310 (1986). Once triggered, the statute of limitations is not tolled by resort to optional administrative remedies, such as an appeal to a military records correction board. *Hurick v. Lehman,* 782 F.2d 984, 987 (Fed.Cir.1986); *Friedman,* 159 Ct.Cl. at 25, 310 F.2d at 396; *Collins v. United States,* 14 Cl.Ct. 746, 752, *aff'd,* 865 F.2d 269, 1988 WL 141040 (Fed. Cir.1988) (Table), *cert. denied,* 492 U.S. 909, 109 S.Ct. 3222, 106 L.Ed.2d 572 (1989); *Steiner,* 9 Cl.Ct. at 310.[1]

■ The plaintiff attempts to distinguish his case from other military disability retirement precedent on the basis that he has not challenged the ABCMR's decision regarding disability retirement but rather the ABCMR's failure to adequately justify the Army's disability determination in light of the higher determination made by the VA. The plaintiff further argues that in cases not involving disability retirement, such as the plaintiff's, *Friedman* leaves unanswered the question of whether a correction board decision can give rise to a new claim. In support of his argument, the plaintiff cites two cases discussed in *Friedman, Frederick v. United States,* 150 Ct.Cl. 769, 280 F.2d 844 (1960) and *Rosnick v. United States,* 132 Ct.Cl. 1, 129 F.Supp. 958 (1955). In *Frederick,* the United States Court of Claims did not discuss the statute of limitations but accepted

jurisdiction over a case in which there may have been final board action more than six years before the case was filed at the Court of Claims. In *Rosnick,* the court, in finding the plaintiff's claim barred by the statute of limitations, made general statements that arbitrary action by a correction board might ground a claim. *Rosnick,* 132 Ct.Cl. at 5–6, 129 F.Supp. at 960.

Both of these cases, *Frederick* and *Rosnick,* must be considered in context. In response to suggestions that its precedent was inconsistent and unclear, the Court of Claims in *Friedman* reviewed its precedent and then "spell[ed] out in detail * * * the rules we shall now follow * * *." *Friedman,* 159 Ct. Cl. at 6, 310 F.2d at 384. The *Friedman* court's discussion of *Frederick* and *Rosnick* was part of its comprehensive review of the legal landscape as it looked in 1962 prior to the *Friedman* decision. The court in *Friedman* specifically discounted and minimized the precedential value of *Frederick* and *Rosnick* as support for a holding that an appeal of a correction board decision creates a new claim. In particular, the court explained before its discussion of *Frederick* and *Rosnick* that:

> It is true that there are expressions in some of the other opinions of the court which can be read, if isolated from the facts and holding of the particular case, as giving support to the general theory that Correction Board action engenders a fresh cause of action. None of these expressions is clear, decisive, or truly relevant, or represents a holding.

*Friedman,* 159 Ct.Cl. at 21, 310 F.2d at 394. Moreover, *Friedman*'s short discussion of *Frederick* notes that *Frederick* did not address the statute of limitations problem and "may well be explainable on the ground that the initial board's action was not final or that the Correction Board's errors in *procedure* created a new claim." *Id.* at 21 n. 17, 310 F.2d at 394 n. 17 (emphasis in original). Neither of these explanations are available to

---

**1.** The Supreme Court has held that "the same rebuttable presumption of equitable tolling applicable to suits against private defendants [applies] to suits against the United States," *Irwin v. Department of Veterans Affairs,* 498 U.S. 89, 95–96, 111 S.Ct. 453, 457–58, 112 L.Ed.2d 435 (1990),

but the plaintiff has not raised an equitable tolling argument so the Court need not address the issue. *See Catawba Indian Tribe v. United States,* 982 F.2d 1564, 1573 (Fed.Cir.1993) (Mayer, J., concurring) (discussion of equitable tolling unnecessary when not raised by either party).

the plaintiff. The PEB's determination that the plaintiff had a 20 percent disability was final, and the plaintiff's challenge to the content of the ABCMR's decision is substantive, not procedural. In short, *Friedman* robs *Frederick* and *Rosnick* of any possible persuasiveness for the principle for which the plaintiff cites them.

In addition, the plaintiff cites *Istivan v. United States*, 231 Ct.Cl. 671, 689 F.2d 1034 (1982), *Versaci v. United States*, 185 Ct.Cl. 672, 403 F.2d 246 (1968), and *Beckham v. United States*, 183 Ct.Cl. 628, 392 F.2d 619 (1968), for the proposition that a decision without a thorough explanation of the evidence is inadequate. In each of these cases, the plaintiff filed his claim within the statutory time period, and the court did not address the statute of limitations. No arguments were made in *Istivan, Versaci,* or *Beckham* that a claim first accrued upon action of a correction board. Thus, these cases do not support the notion that a challenge to a correction board's opinion gives rise to a new claim. Rather, these cases represent instances where the United States Court of Claims accepted jurisdiction over appeals timely taken within six years of final agency action. Had plaintiff brought a timely appeal, such precedent may have been useful for his challenge to the ABCMR's decision. However, because the plaintiff's appeal is not timely, such precedent is not relevant here.

Furthermore, the *Friedman* court specifically considered and rejected the theory upon which the plaintiff's argument is grounded. The Court of Claims in *Friedman* held that where a correction board is in effect reviewing a prior adverse determination by a previous board (as is the case here), the correction board's adverse decision does not give rise to a new cause of action. *Friedman*, 159 Ct.Cl. at 25, 310 F.2d at 396.[2] The court distinguished between the concepts of judicial review of a ruling and an independent cause of action. Specifically, the Court of Claims opined:

That a tribunal's rulings are subject to judicial review means that the administrative decision is open to scrutiny by a court, if a timely judicial proceeding is filed—not that the administrative tribunal's decision, in itself, becomes the new measure and the new beginning of the plaintiff's judicial rights. There is a profound difference between a legislature's providing for further review of a ruling on a cause of action and its creating a new and independent cause of action.

*Id.* at 26–27, 310 F.2d at 397. The court explained that:

[T]he existence of judicial review does not, in itself, supply any basis for asserting that the limitations period runs from the time of the Correction Board's decision. All that the existence of judicial review means is that the Board's decision will be reviewed, in a proper case, if a timely suit is brought.

*Id.* at 27, 310 F.2d at 397.

The plaintiff's argument that he is not challenging his disability determination but rather the actions of the correction board is similar to one put forth in *Hurick v. Lehman,* 782 F.2d 984, 985 (Fed.Cir.1986), in which the plaintiff was honorably discharged from the Navy for "unsuitability." When the plaintiff in *Hurick* brought suit more than seven years after his discharge, he argued that he was not challenging his discharge but only the failure of the correction board to provide relief. *Id.* at 987. The United States Court of Appeals for the Federal Circuit rejected the argument on the grounds that the failure of a correction board to set aside a discharge does not give rise to a separate and independent claim because that action is merely ancillary to the discharge the former serviceman is seeking to change. *Id.* Using similar analysis as the *Friedman* court, the Federal Circuit observed that "[n]o matter how the appellant seeks to frame his claim, in the final analysis he is challenging his discharge, and his attempt to do so was untimely." *Id.*

---

**2.** The court distinguished such a situation from one where the correction board is not a reviewing tribunal but is the first board to make an eligibility determination. *Id.* at 25, *id.* at 396.

In the later case, the cause of action does not accrue until the correction board has made a decision. *Id.*

Similarly, in the instant case, no matter how the plaintiff seeks to frame his claim, in the final analysis, he is challenging the Army's disability determination.[3] The plaintiff pursued this effort to change his disability rating from 20 percent to 40 percent before the PEB and then appealed to the ABCMR but was unsuccessful. The alleged failure of the ABCMR to adequately justify its decision not to change the plaintiff's disability rating is a possible basis for remand in a timely-filed case but not the basis for a new cause of action. If the plaintiff seeks only further explanation from the ABCMR, not a reversal of its decision, then a Court remand to the ABCMR would be akin to a court-sponsored essay writing contest.

In summation, the plaintiff's cause of action accrued in this case no later than on September 30, 1987, when he was discharged from the Army, after the PEB made a final determination assigning the plaintiff a 20 percent disability rating. The plaintiff's appeal to the ABCMR did not toll the statute of limitations, and the ABCMR's decision rejecting the plaintiff's claim did not give rise to a new cause of action. More than six years had elapsed between September 30, 1987, and June 8, 1995, when the plaintiff filed his Complaint with this Court. Accordingly, under 28 U.S.C. § 2501, this Court lacks jurisdiction over the plaintiff's Complaint.

## CONCLUSION

For the foregoing reasons, the defendant's motion to dismiss is granted, and the plaintiff's Complaint is to be dismissed with prejudice. Each party is to bear its own costs.

---

**3.** The plaintiff appears to have framed his claim differently at different stages of this litigation. In his Complaint, the plaintiff asks "[t]hat judgment to [sic] entered in favor of plaintiff concluding that the decisions of the ABCMR denying plaintiff's petition be invalid and unsupportable as a matter of law and the case be remanded to the ABCMR for prompt proceedings consistent with law." (emphasis added). This language suggests a challenge to the ABCMR's decision regarding the plaintiff's disability rating. Subsequently, the plaintiff has appeared to disclaim such a notion. In the Plaintiff's Response to Defendant's Motion to Dismiss, the plaintiff states that his Complaint "was not filed against the decision involving the disability retirement" but rather "against the ABCMR's final decision in not enunciating the weight, if any, given to a subsequent disability determination by the [VA]." As discussed above, the plaintiff is unable to create a new cause of action by characterizing his appeal as an attack on the ABCMR decision and not a challenge to the underlying disability determination by the Army.