**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 15-2341**

JOSEPH W. HOFFLER, Lieutenant Colonel, USAF-Retired,

        Plaintiff - Appellant,

     v.

JAMES N. MATTIS, Secretary of Defense; LISA S. DISBROW, Secretary of the Air Force,

        Defendants - Appellees.

Appeal from the United States District Court for the Eastern District of North Carolina, at Elizabeth City. James C. Dever III, Chief District Judge. (2:14-cv-00063-D)

Submitted: August 31, 2016      Decided: February 22, 2017

Before GREGORY, Chief Judge, and KING and DIAZ, Circuit Judges.

Affirmed in part; dismissed in part by unpublished per curiam opinion.

Paul K. Sun, Jr., ELLIS & WINTERS LLP, Raleigh, North Carolina, for Appellant. John Stuart Bruce, Acting United States Attorney, Matthew L. Fesak, Assistant United States Attorney, Raleigh, North Carolina, for Appellees.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Joseph W. Hoffler, a retired Lieutenant Colonel with the United States Air Force, appeals the district court's order dismissing in part and granting summary judgment in part to the Defendants in Hoffler's action challenging the Air Force Board for Correction of Military Records' ("AFBCMR" or "Board") denial of Hoffler's application for correction. For the reasons that follow, we affirm in part and dismiss in part.

"We review a grant of summary judgment de novo, employing the same standards used by the district court." Randall v. United States, 95 F.3d 339, 348 (4th Cir. 1996). Summary judgment is appropriate when no genuine dispute of material fact exists and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

Decisions of the AFBCMR are final agency actions subject to judicial review under the Administrative Procedure Act. See Chappell v. Wallace, 462 U.S. 296, 303 (1983). The Board's decisions can only be set aside by this court if they are arbitrary, capricious, not based on substantial evidence, or not in accordance with law. Id.; Randall, 95 F.3d at 348; Mickens v. United States, 760 F.2d 539, 541 (4th Cir. 1985); see

2

5 U.S.C. § 706(2) (2012). "In determining whether agency action was arbitrary or capricious, the court must consider whether the agency considered the relevant factors and whether a clear error of judgment was made." Ohio Valley Envtl. Coal. v. Aracoma Coal Co., 556 F.3d 177, 192 (4th Cir. 2009).

Hoffler contends that the AFBCMR acted arbitrarily and capriciously in rejecting his claim that he should have been promoted to colonel by the 1984 promotion board. The scope of judicial review of military promotion decisions is very limited. Unless a special selection board ("SSB") has been convened, our jurisdiction over military promotion claims is limited to "review[ing] a determination by the Secretary of a military department . . . not to convene a special selection board." 10 U.S.C. § 628(g)(1)(A) (2012); see also § 628(h). No SSB was convened for Hoffler, and Hoffler did not request that one be convened. Thus, we lack jurisdiction over Hoffler's promotion claim and must dismiss this portion of his appeal.

Hoffler also asserts that the AFBCMR acted arbitrarily and capriciously in denying his request to remove a letter of reprimand ("LOR") from his file. He argues that the Board failed to consider the determination of an Equal Opportunity and Treatment ("EOT") inquiry that the investigation underlying the LOR was flawed. We disagree. The AFBCMR expressly acknowledged some of the conclusions of the EOT inquiry that Hoffler alleges

3

it overlooked. Moreover, we conclude that the Board acted reasonably in refusing to remove the LOR. While the Board acknowledged Hoffler's attacks on the procedure of the LOR investigation, it was faced with Hoffler's own admission that he committed the reprimanded conduct.

Finally, Hoffler challenges the Board's refusal to reinstate his Meritorious Service Medal, which was revoked in 1985. Although the record contains various assertions by Hoffler as to why the revocation of his medal was improper, these assertions constitute no more than unsubstantiated speculation. We concur with the district court that Hoffler has failed to provide evidence that the discretionary decision to revoke the medal was inappropriate.

Accordingly, we dismiss Hoffler's promotion claim and affirm as to Hoffler's remaining claims. We dispense with oral argument because the facts and legal contentions are adequately expressed in the materials before this court and argument would not aid the decisional process.

AFFIRMED IN PART;
DISMISSED IN PART

4