Per curiam :
This case was referred pursuant to Rule 37 (e) to Mastín G. White, a trial commissioner of this court, with directions to make his recommendation for conclusions of law on defendant’s motion to dismiss the petition. The commissioner has done so in an opinion filed October 14, 1963. Plaintiff has failed to file a request for review by the court of the commissioner’s opinion and recommendation for conclusions of law and the túne for filing a request for review pursuant to the Rules of the court has expired. On December 31, 1963, defendant filed a motion that the court adopt the commissioner’s opinion and recommendation for conclusions of law as the basis of its judgment in this case. Since the court is in agreement with the opinion and recommendation of the trial commissioner, as hereinafter set forth, it hereby adopts the same as the basis for its judgment in this case in accordance with the provisions of Rule 37 (e) (4). *740 Plaintiff is therefore not entitled to recover. Defendant’s motion to adopt the commissioner’s report and its motion to dismiss the petition are granted and plaintiff’s petition is dismissed.
OPINION OF COMMISSIONER
The plaintiff, a former enlisted man in the Army, seeks in the present action to recover pay and allowances for the period following the issuance to him of an undesirable discharge on November 16,1950. At the time of his discharge, the plaintiff held the grade of sergeant (E-5).
The case comes before the court on the defendant’s motion to dismiss the petition. The motion asserts that “any claim which the petition may state is barred by the statute of limitations.”
The plaintiff had performed two periods of honorable military service before beginning the enlistment that was terminated on November 16, 1950. He first served from February 20, 1943, until February 12, 1946. Then, after spending approximately 2 years in civilian life, he served again in the Army from January 12, 1948, until October 2, 1950. The plaintiff received an honorable discharge at the end of each of the periods of military service referred to in this paragraph.
On the day after he received an honorable discharge from the Army at the end of the second period of military service mentioned in the preceding paragraph, the plaintiff on October 3, 1950, enlisted in the Army again for a 6-year term. Approximately 6 weeks later, the Army issued an undesirable discharge to the plaintiff on November 16,1950. The petition alleges that the plaintiff, without being accorded a hearing or confronted by witnesses, was summarily discharged as undesirable because “a complaint had been made against him charging him with having entered into a bigamist [sic] marriage sometime between February 12, 1946, and January 12, 1948, when he was a civilian.”[1]
It is the plaintiff’s contention, as set out in the petition, that it was improper for the Army to consider “his alleged *741 ■misconduct as a civilian * * * in effecting the Undesirable Discharge from his October 3, 1950 enlistment,” and that this invalidated the undesirable discharge dated November 16,1950.
It further appears from the petition that on a date which is not specified, but which presumably was sometime in 1962, the plaintiff applied to the Secretary of the Army for a change in the type and nature of the discharge that he had received on November 16, 1950. This application was referred to the Army Discharge Review Board for consideration. The Board held a hearing on the matter, and the plaintiff appeared before the Board on November 19, 1962, requesting that the undesirable discharge of November 16, 1950, be changed to an honorable discharge or to a discharge under honorable conditions. Later, on December 4, 1962, the plaintiff was notified by the Adjutant General of the Army that:
The Army Discharge Review Board, after careful consideration of your military records and all other available evidence, has determined that you were properly discharged. Accordingly, the Secretary of the Army has directed that you be advised that your request for a change in the type and nature of your discharge has been denied.
The plaintiff subsequently requested reconsideration of the administrative determination, but the request was denied.
Thereafter, the plaintiff filed his petition in this court on May 2,1963.
It will be assumed, for the purpose of considering the defendant’s motion to dismiss, that the factual allegations in the petition are correct. On that basis, it appears that early in the plaintiff’s third period of military service, the Army received a report indicating that he had allegedly been involved in a bigamous marriage while a civilian, between his first and second periods of military service. Because of this report relating to an incident that antedated by several years the enlistment under which the plaintiff was then serving, the Army, without giving the plaintiff a hearing or confronting him with the person or persons who had furnished the derogatory information concerning his alleged *742 misconduct as a civilian, summarily discharged him as undesirable.
Assuming for the purpose of this discussion that the undesirable discharge dated November 16, 1950, was invalid because the Army based the character of that discharge on activities of the plaintiff that occurred prior to his then-current enlistment and while he was a civilian (Harmon v. Brucker, 355 U.S. 579, 583 (1958)), and that the invalid discharge did not effect the plaintiff’s separation from the military service (Clackum v. United States, 148 Ct. Cl. 404, 410 (1960), 296 F. 2d 226, 229), it still must be concluded that the plaintiff is not entitled to recover in the present case.
Under the assumption stated in the preceding paragraph, the plaintiff’s claim for pay and allowances would relate to the period — and only to the period — from the date of his unlawful discharge until the date on which the.period of enlistment from which he was discharged would ordinarily have expired. Murray v. United States, 154 Ct. Cl. 185, 191 (1961); Smith v. United States, 155 Ct. Cl. 682, 691 (1961). As indicated earlier in this opinion, the plaintiff’s enlistment from which he was discharged on November 16, 1950, had begun on October 3, 1950, and was for a 6-year term. Therefore, the enlistment would ordinarily have expired on October 2, 1956. It necessarily follows that the last date on which a claim for pay and allowances under the 1950 enlistment could have accrued would have been October 2, 1956. That was more than 6 years prior to the date (May 2, 1963) on which the plaintiff’s petition in the present case was filed. In this connection, 28 U.S.C. § 2501 (1958) provides in part as follows:
Every claim of which the Court of Claims has jurisdiction shall be barred unless the petition thereon is filed within six years after such claim first accrues.
The life of the plaintiff’s claim was not extended by reason of the 1962 proceedings before the Army Discharge Eeview Board. The statute of limitations is not tolled by the pend-ency of administrative proceedings unless the particular action is instituted under a statute requiring a prior admin *743 istrative determination as a condition precedent to the institution of the action. Liff v. United States, 157 Ct. Cl. 197, 199, 301 F. 2d 674, 675 (1962), cert. denied, 373 U.S. 932 (1963). The plaintiff’s attempt to obtain administrative relief in 1962 was permissive, and not mandatory. The functions and authority of discharge review boards in the military services are prescribed by 10 U.S.C. § 1553 (1958, Supp. IY). There is nothing in this section that states or implies that military personnel must seek review by such a board before suing on the basis of an invalid discharge.
As the pay and allowances of military personnel become due and payable at the end of each month, the plaintiff, without instituting any sort of administrative proceedings, could have filed an action against the United States at any time after the first sum for pay and allowances became due and was unpaid at the end of the month following the issuance of the undesirable discharge to him on November 16, 1950; and additional claims continued to accrue and could have been sued on as further successive monthly sums became due and were unpaid during the remainder of the 6-year enlistment period. Tricou v. United States, 71 Ct. Cl. 356, 360 (1930) ; Mistretta v. United States, 128 Ct. Cl. 41, 44 (1954), 120 F. Supp. 264, 266; see Friedman v. United States, 159 Ct. Cl. 1, 6-7, 310 F. 2d 381, 384-385 (1962), cert. denied, 373 U.S. 932 (1963). Since the last sum for pay and allowances under the 1950 enlistment became due and was unpaid as of the date (October 2, 1956) on which that enlistment would ordinarily have expired, the last segment of the plaintiff’s continuing claim was barred 6 years later, or early in October 1962, by 28 U.S.C. § 2501 (1958).
The plaintiff was too late, therefore, in filing his petition on May 2,1963.
As it is my opinion that the claim set out in the petition is barred by the 6-year statute of limitations, I recommend that the defendant’s motion to dismiss be allowed, and that the petition be dismissed.

 The discharge was purportedly Issued under the authority of paragraph 2h, Section I, AR 615-366.