In this case, before us on defendant’s motion for summary judgment, plaintiff seeks the upgrading of his unfavorable discharge from the United States Marine Corps. Because plaintiffs petition fails to make a claim for money damages, there is serious doubt as to our jurisdiction of the case. However, the claim it clearly barred by the statute of limitations and we dismiss it on that basis.
Plaintiff served meritoriously with the Marine Corps for approximately 4 years, including a tour of duty in Vietnam, ending with an honorable discharge on March 26, 1971. He reenlisted on August 17, 1972, for a second tour of duty. This tour, however, was marred by numerous disciplinary violations, mainly in the nature of repeated, lengthy absences without leave. On November 14, 1974, he submitted a request for an undesirable discharge for the good of the service. He indicated at that time that he had consulted legal counsel and was aware of the consequences of his *959 request. He was discharged under conditions other than honorable on December 13, 1974.
Since that time he has three times petitioned for upgrading of his discharge. These were denied by the Naval Discharge Review Board (ndrv) and the Board for the Correction of Naval Records (bcnr), the most recent denial being on August 7, 1981. He filed his petition in this court on March 10,1982.
This court’s jurisdiction is circumscribed by a 6-year statute of limitations, codified at 28 U.S.C. § 2501 (1976).
Every claim of which the Court of Claims has jurisdiction shall be barred unless the petition thereon is filed within six years after such claim first accrues. [Emphasis supplied.]
A claim for wrongful discharge first accrues on the date of discharge, in this case December 13, 1974. Kirby v. United States, 201 Ct. Cl. 527, 531-32 (1973), cert. denied, 417 U.S. 919 (1974); Mathis v. United States, 183 Ct. Cl. 145, 147-48, 391 F.2d 938, 939 (1968), aff’d following remand, 190 Ct. Cl. 925, 421 F.2d 703 (1970). A wrongful discharge is not a continuing claim. Id. Consequently, plaintiffs petition was filed in this court over 7 years after his claim first accrued and, accordingly, his claim is barred by the statute.
The ndrb and bcnr decisions, being permissive, cannot revive the action. Longhine v. United States, 230 Ct.Cl. 920 (1982); Kirby, 201 Ct. Cl. at 531; Mathis, 183 Ct. Cl. at 148, 391 F.2d at 939; Friedman v. United States, 159 Ct. Cl. 1, 15, 310 F.2d 381, 390 (1962), cert. denied sub nom. Lipp v. United States, 373 U.S. 932 (1963).
it is therefore ordered, after careful consideration of the parties’ submissions and without oral argument, that defendant’s motion for summary judgment is granted and the petition is dismissed.