John F. MITCHELL, Plaintiff,

v.

The UNITED STATES, Defendant.

No. 91–1435C.

United States Claims Court.

Sept. 30, 1992.

John S. Grant, Commercial Litigation Branch Civ. Div., Dept. of Justice, Major David Yastishock, Dept. of Air Force, Washington, D.C., for defendant.

John W. Toothman, Shulman, Rogers, Gandal, Pordy & Ecker, Alexandria, Va., Alan B. Sternstein, Shulman, Rogers, Gandal, Pordy & Ecker, P.A., Rockville, Md., for plaintiff.

*Order*

WEINSTEIN, Judge.

This case comes before the court on defendant's motion to dismiss. Finding that the statute of limitations bars plaintiff's claim, defendant's motion to dismiss is granted.

*Facts*

Plaintiff filed this action pursuant to 28 U.S.C. § 1491 (1988), as interpreted by the Supreme Court in *United States v. Wickersham*, 201 U.S. 390, 26 S.Ct. 469, 50 L.Ed. 798 (1906), to recover active duty back pay, allowances, and benefits; retired pay and benefits; and active duty credit towards retirement.

Plaintiff entered the Air Force on August 15, 1954, and was released from active duty with the New York Air National Guard (Air Force Reserve) on April 7, 1982. Plaintiff was involuntarily discharged from active duty on November 29, 1982. Before his discharge, plaintiff claimed eighteen years on active duty and had requested that he be kept on active duty for another two years so that he could qualify for retirement with twenty years of service under 10 U.S.C. § 8911 (1988). The Air Force denied plaintiff's request.

On April 20, 1983, plaintiff applied to the Air Force Board for Correction of Military Records (AFBCMR) to overturn his discharge so that he would be entitled to full retirement under 10 U.S.C. § 8911. The AFBCMR denied plaintiff's request on December 12, 1985. Plaintiff's request for reconsideration of August 13, 1987 was denied on November 13, 1988.

On March 22, 1989, plaintiff filed a complaint in the Claims Court. Defendant moved to dismiss on the ground that plaintiff had failed to file a complaint within six years of his 1982 discharge, as required by this court's statute of limitations. 28 U.S.C. § 2501 (1988). To avoid the statutory bar, plaintiff requested a voluntary dismissal of the action without prejudice. The Claims Court granted the dismissal, over defendant's objection, on July 11, 1989. *Mitchell v. United States*, No. 155–89C (Cl. Ct.1989).

Plaintiff then filed a virtually identical lawsuit in the United States District Court for the Eastern District of Virginia, based on § 704 of the Administrative Procedure Act (APA), 5 U.S.C. § 702 (1988). Defendant's motion to dismiss, or to transfer under 28 U.S.C. § 1631, arguing that the Claims Court had exclusive jurisdiction over the matter, was denied. *Mitchell v. United States*, No. 90–10–A (E.D.Va., filed Jan. 5, 1990).

Defendant sought interlocutory appeal of the District Court's denial to the United States Court of Appeals for the Federal Circuit. The Federal Circuit reversed the District Court, holding that plaintiff's case is the type for which adequate relief can be obtained in the Claims Court under 28 U.S.C. § 1491(a)(2), and thus that the action was barred from being heard by the District Court by virtue of § 704 of the APA,[1] *Mitchell v. United States*, 930 F.2d 893, 896 (Fed.Cir.1991), and directing the transfer of the case to this court.

On October 15, 1991, plaintiff filed a new complaint in the Claims Court. Defendant's motion to dismiss, arguing that plaintiff's claim was barred by the six-year statute of limitations, was filed on December 20, 1991.

*Discussion*

28 U.S.C. § 2501 states that "[e]very claim of which the United States Claims Court has jurisdiction shall be barred unless the petition thereon is filed within six years after such claim first accrues."

A claim against the government accrues "on the date when all the events have occurred which fix the liability of the Government," *Oceanic S.S. Co. v. United States*, 165 Ct.Cl. 217, 225 (1964), and when the plaintiff was or should have been aware of their existence. *Hart v. United*

---

1. Section 704 states that: "[a]gency action made reviewable by statute and final agency action for which there is no other adequate remedy in a court are subject to judicial review." 5 U.S.C. § 704 (1988).

*States,* 910 F.2d 815 (Fed.Cir.1990); *Hopland Band of Pomo Indians v. United States,* 855 F.2d 1573, 1577 (Fed.Cir.1988) (citing *Kinsey v. United States,* 852 F.2d 556, 557 n. * (Fed.Cir.1988)).

The statute of limitations is a condition of the waiver of the immunity of the United States. *United States v. Kubrick,* 444 U.S. 111, 117, 100 S.Ct. 352, 356, 62 L.Ed.2d 259 (1979). "[L]imitations and conditions upon which the Government consents to be sued must be strictly observed and exceptions ... [to them should] not be implied." *Soriano v. United States,* 352 U.S. 270, 276, 77 S.Ct. 269, 273, 1 L.Ed.2d 306 (1957) (citing *United States v. Sherwood,* 312 U.S. 584, 590–91, 61 S.Ct. 767, 771–72, 85 L.Ed. 1058 (1941)).

A cause of action alleging unlawful discharge from the military accrues all at once for statute of limitations purposes at the time of the service member's removal. *Hurick v. Lehman,* 782 F.2d 984, 986 (Fed. Cir.1986); *Kirby v. United States,* 201 Ct. Cl. 527, 531 (1973), *cert. denied,* 417 U.S. 919, 94 S.Ct. 2626, 41 L.Ed.2d 224 (1974); *Mathis v. United States,* 391 F.2d 938, 939, 183 Ct.Cl. 145 (1968) (per curiam) *vacated on other grounds,* 394 F.2d 519, 183 Ct.Cl. 145 (1968).

Resort to a correction board is permissive, not mandatory, and therefore does not toll the running of the statute of limitations. *Hurick,* 782 F.2d at 987; *Ellzey v. United States,* 618 F.2d 119, 219 Ct.Cl. 589, 589–90 (1979); *Kirby,* 201 Ct.Cl. at 531; *see also Mathis,* 391 F.2d at 939 (optional administrative remedies do not toll the statute of limitations); *Kirk v. United States,* 164 Ct.Cl. 738, 742–43 (1964); *Lipp v. United States,* 301 F.2d 674, 675, 157 Ct.Cl. 197 (1962), *cert. denied,* 373 U.S. 932, 83 S.Ct. 1540, 10 L.Ed.2d 691 (1963); *see generally, Schmidt v. United States,* 3 Cl.Ct. 190, 193 (1983). The failure

of a military correction board to set aside a discharge does not give rise to a separate cause of action. *Hurick,* 782 F.2d at 987; *Ramsey v. United States,* 578 F.2d 1388, 215 Ct.Cl. 1042, 1043 (1978).

Under the foregoing line of judicial precedents, plaintiff's cause of action arose on November 29, 1982, the date of his discharge from active duty. Therefore, both plaintiff's original claim, which he filed with this court in 1989, and his present claim, filed in 1991, are barred by the statute of limitations.

*Exhaustion Policy*

While these previous decisions by the Court of Claims, holding that no exhaustion of administrative remedies is required in military pay cases, are binding on this court, and have not been questioned by the Claims Court, *see, e.g., Schmidt v. United States,* 3 Cl.Ct. at 193; *Monningh v. United States,* 1 Cl.Ct. 427, 428 (1983), they are confusing and open to serious question, on grounds of judicial efficiency as well as lack of consistency with other similar cases (disability cases) and with the decisions of every other federal circuit court of appeals in military discharge cases.

Military pay cases involving disability pay have found exhaustion to be permissive, but, unlike discharge cases, hold that the claim does not accrue, and thus the statute of limitations does not begin to run, until a retirement board has acted or declined to act. *Heisig v. United States,* 719 F.2d 1153, 1155 (Fed.Cir.1983); *Furlong v. United States,* 152 F.Supp. 238, 240, 138 Ct.Cl. 843 (1957); *Rosnick v. United States,* 129 F.Supp. 958, 959, 132 Ct.Cl. 1 (1955). In other words, some exhaustion is required in disability cases. The case law, however, provides no clear basis for differentiating disability cases from discharge cases,[2] *or* for abrogating the well-estab-

---

2. Early decisions of the Court of Claims recognized the exhaustion doctrine and applied it to discharge and reinstatement cases involving the Civil Service Commission. *Pine v. United States,* 371 F.2d 466, 467, 178 Ct.Cl. 146 (1967); *see also Grover v. United States,* 200 Ct.Cl. 337, 345 (1973) ("issues not raised before the ...

[Civil Service Commission] may not be raised in this court for the first time"). While the Court of Claims in *Adler v. United States,* 146 F.Supp. 956, 134 Ct.Cl. 200 (1956) noted that "there is no absolute requirement that a party exhaust his administrative remedies before coming into this court," especially where "the statute itself does

lished, otherwise almost universally accept-

not make the exhaustion of administrative remedies a prerequisite to suit," it went on to hold that: ... notwithstanding the fact that the appeal is not mandatory, we think that an employee must appeal to the Civil Service Commission for an adjustment of his grievances before resorting to the courts, except in unusual circumstances. *Id.* at 958.

On the other hand, in *Kirk,* a discharge case, the court found that, absent an express statutory prerequisite to judicial review, the presumption was against exhaustion: "[t]he statute of limitations is not tolled by the pendency of administrative proceedings unless the particular action is instituted under a statute requiring a prior administrative determination as a condition precedent to the institution of the action." *Kirk,* 164 Ct.Cl. at 742, citing *Lipp v. United States,* 301 F.2d 674, 675, 157 Ct.Cl. 197 (1962), *cert. denied,* 373 U.S. 932, 83 S.Ct. 1540, 10 L.Ed.2d 691 (1963). Concluding that "[t]here is nothing in [the specific statute establishing the discharge review board, 10 U.S.C. § 1553 (Supp. IV 1958)] that states or implies that military personnel must seek review by such a board before suing on the basis of an invalid discharge," the court did not allow tolling. *Id.* 164 Ct.Cl. at 743.

Although the presumption in *Kirk* against administrative review (unless explicitly required by statute) seems to contradict the reasoning of *Adler,* the *Kirk* court does not explain the basis for disparate treatment of *military* pay or discharge cases, even though it is arguably even *more* important to require exhaustion in such cases, as can be adduced from the Supreme Court's frequent injunctions against judicial intervention in such cases and from the unanimous circuit court opinions requiring exhaustion before judicial review is undertaken.

The earliest Court of Claims case establishing the date of accrual of a disability action as the date of the first determination by the retirement board appears to be *Rosnick v. United States,* 129 F.Supp. 958 (Ct.Cl.1955). It did not, however, consider the general advisability of exhaustion *or* indicate why exhaustion was not required in that case. A later disability case, *Lipp v. United States,* 301 F.2d 674 (Ct.Cl.1962), *cert. denied,* 373 U.S. 932, 83 S.Ct. 1540, 10 L.Ed.2d 691 (1963), acknowledged that the court had wavered in its past decisions as to whether exhaustion was required, citing *Knight v. United States,* 152 Ct.Cl. 298 (1961) (unanimously holding that the statute of limitations did not begin to run until after denial by the Correction Board), but relied on the reasoning of *Ogden v. Zuckert,* 298 F.2d 312 (D.C.Cir.1961), to overrule all previous decisions and conclude that resort to the corrections board was a permissive remedy. *Lipp,* 301 F.2d at 675. The only rationale in *Ogden* for not requiring the admittedly "welcome" first resort to the correction board was: that "our problem is not to satisfy judicial convenience so much as it is under existing legisla-

ed rule of exhaustion of administrative remedies.[3]

tion and decisions to preserve to the individual a forum to which he is entitled to present his case." *Ogden,* 298 F.2d at 315.

3. The Supreme Court long has recognized the many virtues of the exhaustion doctrine, under which "no one is entitled to judicial relief for a supposed or threatened injury until the prescribed administrative remedy has been exhausted." *Myers v. Bethlehem Shipbuilding Corp.,* 303 U.S. 41, 50–51, 58 S.Ct. 459, 463–64, 82 L.Ed. 638 (1938) (footnote omitted); *see also Anniston Mfg. Co. v. Davis,* 301 U.S. 337, 343, 57 S.Ct. 816, 819, 81 L.Ed. 1143 (1937) (explaining that requirement of recourse to administrative procedures does not establish invalidity of requirement where legal rights are suitably protected); *First Nat'l Bank of Greeley v. Board of County Comm'rs,* 264 U.S. 450, 455, 44 S.Ct. 385, 387, 68 L.Ed. 784 (1924) (recognizing requirement of exhaustion as prerequisite to judicial challenge). "[W]here Congress has provided by statute for an administrative remedy capable of granting relief appropriate to the complainant concerned, a complainant is required to exhaust that remedy before turning to the courts." *Seepe v. Department of the Navy,* 518 F.2d 760, 762 (6th Cir.1975) (citing *McKart v. United States,* 395 U.S. 185, 193, 89 S.Ct. 1657, 1662, 23 L.Ed.2d 194 (1969); *Myers,* 303 U.S. at 50–51, 58 S.Ct. at 463–64).

The federal circuit courts of appeal also have been of one mind in requiring plaintiffs in military discharge cases to exhaust their administrative remedies before taking action in court, and in permitting tolling of the statute of limitations while the administrative action is pursued. *See Penagaricano v. Llenza,* 747 F.2d 55, 61 (1st Cir.1984) (military personnel must exhaust administrative remedies provided by the military service before seeking relief in civilian courts); *Guitard v. United States Secretary of the Navy,* 967 F.2d 737, 740 (2nd Cir.1992) (exhaustion required in military discharge case); *Blassingame v. Secretary of the Navy,* 811 F.2d 65, 71 (2d Cir.1987) (the right to obtain judicial review of a Correction Board decision accrues at the time of the decision); *Dougherty v. United States Navy Bd. for Correction of Naval Records,* 784 F.2d 499, 501 (3d Cir.1986) (holding that the statute of limitations did not begin to run until the correction board issued its final decision); *Guerra v. Scruggs,* 942 F.2d 270, 275–77 (4th Cir.1991) (threatened injuries due to discharge from employment do not justify dispensing with exhaustion rule or preliminary injunction; particularly those in military discharge cases); *Williams v. Wilson,* 762 F.2d 357, 360 (4th Cir. 1985) (plaintiff's failure to exhaust intraservice administrative remedies made his federal claim nonjusticiable); *Geyen v. Marsh,* 782 F.2d 1351, 1352 (5th Cir.1986) (servicemen required to exhaust their administrative remedies); *Seepe,* 518

The doctrine of exhaustion is based on strong policy considerations, including separation of powers concerns and judicial economy. *See McKart*, 395 U.S. at 193, 89 S.Ct. at 1662. It assumes the special role of Article II agencies to perform special duties of executing the laws passed by Congress, recognizes unique agency expertise in technical and specialized matters, and ensures that judicial review will be informed and narrowed (if not actually made unnecessary) by the agencies' decisions. *Schlesinger v. Councilman*, 420 U.S. 738, 756–57, 95 S.Ct. 1300, 1312–13, 43 L.Ed.2d 591 (1975). "If an available procedure has not been employed to rectify the alleged error which the federal court is asked to correct, any interference by the federal court may be wholly needless." *Gusik v. Schilder*, 340 U.S. 128, 132, 71 S.Ct. 149, 152, 95 L.Ed. 146 (1950).

Exhaustion of agency remedies is particularly appropriate in military cases, where the Supreme Court has specifically recognized that the administration of the military is not in the province of the judiciary. *Orloff v. Willoughby*, 345 U.S. 83, 93, 73 S.Ct. 534, 540, 97 L.Ed. 842 (1953); *see also Noyd v. Bond*, 395 U.S. 683, 694, 89 S.Ct. 1876, 1882, 23 L.Ed.2d 631 (1969) (requiring a substantial degree of civilian deference to military tribunals). Rather, "Congress has exercised its plenary constitutional authority over the military" to establish a "comprehensive internal system of justice to regulate military life" that takes into account the unique aspects of the military system. *Chappell v. Wallace*, 462 U.S. 296, 302, 103 S.Ct. 2362, 2366, 76 L.Ed.2d 586 (1983). Orderly government requires that the judiciary be scrupulous not to interfere with legitimate military matters. *Orloff*, 345 U.S. at 94, 73 S.Ct. at 540.

The military cases heard by this court, unlike those heard by the federal district courts, involve claims for back pay, and not for promotion, *Maier v. Orr*, 754 F.2d 973 (Fed.Cir.1985), or simply for reinstatement, correction of records, or other injunctive relief. See 28 U.S.C. § 1491(a)(2). But these differences provide no readily apparent basis for treating the exhaustion issue differently in the Claims Court than in the district court. Also, there is no apparent basis for this court's disparate treatment of analogous military disability cases. Nonetheless, unless and until the Court of Appeals for the Federal Circuit decides to revisit this question, plaintiff's argument that exhaustion is required (and thus that the statute of limitations was tolled by his appeal to the Board) cannot prevail.

■ Plaintiff also argues that, because the Claims Court has the power to review the findings of the corrections board, plaintiff has an independent cause of action under the APA based on the Board's decision that is not barred by the statute of limitations. In support of this argument, plaintiff relies on *Sanders v. United States*, 594 F.2d 804, 219 Ct.Cl. 285 (1979), *Armstrong v. United States*, 205 Ct.Cl. 754 (1974) and *Kirby v. United States*, 201 Ct.Cl. 527 (1973).

Plaintiff's reliance on these cases is entirely misplaced. Although the Court of Claims did review correction board findings in *Sanders* and *Armstrong*, the statute of limitations was not an issue in either case and neither case held that disputed correction board findings give rise to a new cause of action. Moreover, in *Kirby*, the Court of Claims specifically rejected the contention that subsequent agency action tolled

F.2d at 761 (same); *Kawitt v. United States*, 842 F.2d 951, 953 (7th Cir.1988) (futility exception to the exhaustion requirement should be interpreted narrowly because of the natural reluctance of civilian courts to intervene in matters about which they are more than usually ignorant; raising but not deciding question of whether exhaustion is a jurisdictional question); *Horn v. Schlesinger*, 514 F.2d 549, 554 (8th Cir. 1975) (affirming dismissal for failure to exhaust); *Schowengerdt v. General Dynamics Corp.*, 823 F.2d 1328, 1341 (9th Cir.1987) (citing

*Muhammad v. Secretary of the Army*, 770 F.2d 1494, 1495 (9th Cir.1985) ("[s]trict application of the exhaustion requirement in military discharge cases maintains the balance between military authority and the federal courts")); *Smith v. Marsh*, 787 F.2d 510, 512 (10th Cir. 1986) (plaintiff's cause of action accrued at the time of correction board's decision); *Linfors v. United States*, 673 F.2d 332, 333 (11th Cir.1982) (district court should have dismissed complaint for failure to exhaust available administrative remedies).

**1334**

the statute and created an independent cause of action. *Id.* at 531.

This court has jurisdiction over suits for unlawful discharge pursuant to § 1491(a)(1) and the fiction that the statute setting the rate of pay mandates the payment of money if there is a wrongful discharge. *Wickersham, supra.* The APA does not mandate the payment of money and, thus, is not an independent basis for suit in this court.

■ Finally, plaintiff argues that, by transferring his case from District Court to the Claims Court, the Federal Circuit necessarily concluded that plaintiff has a valid cause of action in this court that is not barred by the statute of limitations. However, the Federal Circuit expressly held otherwise, deciding only that plaintiff's claim is within this court's subject matter jurisdiction—specifically, the kind of claim for which the Claims Court can provide a full and adequate remedy, "even if Mitchell does not qualify to receive that remedy," *see Mitchell v. United States,* 930 F.2d at 896–97, and not that this court must award him relief. The Federal Circuit also expressly declined to decide the statute of limitation issue that is before this court. *Id.*

Because plaintiff's claim is barred by the statute of limitations, 28 U.S.C. § 2501, as interpreted by judicial decisions binding on this court, defendant's motion to dismiss for lack of jurisdiction is granted. The Clerk shall enter judgment accordingly.