1 F.3d 1252
NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
 John F. MITCHELL, Plaintiff-Appellant,
v.
The UNITED STATES, Defendant-Appellee.
 No. 93-5016.
 United States Court of Appeals, Federal Circuit.
 June 4, 1993.
Suggestion for Rehearing In Banc
Declined July 26, 1993.
 
 Before RICH, Circuit Judge, SMITH, Senior Circuit Judge, and CLEVENGER, Circuit Judge.
 CLEVENGER, Circuit Judge.
 
 
 1
 Ltc. John F. Mitchell appeals the order of the United States Claims Court* dismissing his complaint for lack of jurisdiction because his claim is barred by the six-year statute of limitations, 28 U.S.C. Sec. 2501 (1988). Mitchell v. United States, 26 Cl.Ct. 1329 (1992). We affirm.
 
 
 2
 Mitchell's complaint sought to recover active duty back pay, allowances and other benefits as a result of an alleged unlawful discharge from active duty on November 29, 1982. On April 20, 1983, Mitchell applied to the Air Force Board for Correction of Military Records (Board) to overturn his discharge. The Board denied his request on December 12, 1985. Mitchell petitioned the Board for reconsideration on August 13, 1987. His petition was denied on November 13, 1988. On March 22, 1989, Mitchell filed a complaint in the Claims Court challenging the lawfulness of his discharge. A procedural skirmish between the parties ensued, the details and results of which are reported in Mitchell v. United States, 930 F.2d 893, 894 (Fed.Cir.1991) and in the opinion of Judge Weinstein entered with the order now on appeal dismissing the second complaint Mitchell filed in the Claims Court. Mitchell, 26 Cl.Ct. at 1330.
 
 
 3
 We agree with Judge Weinstein on the following propositions: (1) absent compliance with the statute of limitations in 28 U.S.C. Sec. 2501, the government has not waived its defense of sovereign immunity, United States v. Kubrick, 444 U.S. 111, 117 (1979); (2) an action challenging the lawfulness of a discharge from the military accrues for section 2501 purposes at the date of the discharge, Hurick v. Lehman, 782 F.2d 984, 986 (Fed.Cir.1986); (3) a petition to the Board, being permissive, does not toll the running of section 2501, id. at 987; and (4) the action of the Board declining to overturn a discharge does not give rise to an independent cause of action over which the Claims Court has jurisdiction pursuant to the Administrative Procedure Act. 5 U.S.C. Sec. 701 (1988). Hurick, 782 F.2d at 987; see also Murphy v. United States, No. 92-5086, slip op. at 9 (Fed.Cir. May 17, 1993) ("[T]he Claims Court has no authority to invoke the APA.").
 
 
 4
 Mitchell does not contest propositions one and two stated above. Nor does he contest that his complaint is time-barred if it is a challenge to his original discharge. Mitchell can only overcome section 2501 if his complaint states a separate and independent legal challenge to the Board's denial of his application to correct his military records, or if for one reason or another the running of section 2501 is tolled during the time he pursued his administrative remedy before the Board.
 
 
 5
 This court has long adhered to the view that the Board's final action on a request to overturn a military discharge is not a separate cause of action upon which the statute of limitations begins to run anew. Mitchell's argument that our precedent on this issue is wrong and where necessary should be overruled is misaddressed; this panel is bound by our precedent.
 
 
 6
 Similarly, we have declined to toll the statute of limitations as a matter of law pending the Board's final decision. The interesting commentary by Judge Weinstein as to why this court should toll the statute of limitations as a legal matter while the Board deliberates likewise must be addressed to the full court.
 
 
 7
 Finally, we reject Mitchell's contention that he is entitled to a hearing before Judge Weinstein on what he, on appeal, contends is a viable equitable tolling argument. In his initial brief, Mitchell lays claim to relief under Irwin v. Department of Veterans Affairs, 498 U.S. 89 (1990). Mitchell asserts that he raised the issue of equitable tolling in a footnote to his response in opposition to the government's motion to dismiss for lack of jurisdiction. In his brief, Mitchell neither quotes from, nor includes, the material that he contends established his Irwin claim in the court below. His attorney argument in this court asserts that he was misled by advice that a petition to the Board was all that was necessary to overturn his discharge. Mitchell's attorney argument also contends that the grounds upon which he now litigates did not arise until this court's June 1987 decision, Ulmet v. United States, 822 F.2d 1079 (Fed.Cir.1987), overruled by Wilson v. United States, 917 F.2d 529, 536 (Fed.Cir.1990). In August 1987, Mitchell petitioned the Board for reconsideration of its December 1985 decision based on Ulmet. By then, of course, Mitchell knew that the six-year bar of section 2501 on his November 29, 1982 discharge would run in November 1988. Nothing precluded Mitchell from tolling the statute with a complaint in the Claims Court challenging his discharge while he pursued his administrative remedy before the Board. See, e.g., Engels v. United States, 678 F.2d 173, 174-75 (Ct.Cl.1982).
 
 
 8
 Mitchell contends that the Claims Court committed reversible error in failing to grant him a hearing to develop in court the facts he asserts on appeal in support of his claim to equitable tolling under Irwin. Judge Weinstein devoted half of her opinion to explaining that Mitchell could not obtain tolling as a matter of law because the Federal Circuit does not, unlike other circuits, toll section 2501 as a matter of law pending Board determinations. Whether by so doing, Judge Weinstein sub silentio rejected Mitchell's Irwin claim is immaterial, because even if we accept all of Mitchell's attorney argument here as true, at most he demonstrates "garden variety" neglect in not having taken the simple act of tolling the statute of limitations. Mitchell therefore fails to state a claim for relief under Irwin.
 
 
 9
 For the foregoing reasons, we affirm the Claims Court order dismissing Mitchell's complaint.
 
 
 10
 No costs.
 
 
 
 *
 The United States Claims Court is now known as the United States Court of Federal Claims. Federal Courts Administration Act of 1992, Pub.L. No. 102-572, Sec. 902(a), 106 Stat. 4506, 4516