**Dennis T. COOK, Plaintiff,**

v.

**The UNITED STATES, Defendant.**

**No. 94–416C.**

United States Court of Federal Claims.

Feb. 17, 1995.

Dan R. Hyatt, Portland, OR, for plaintiff.

Sean P. Murphy, Washington, DC, with whom was Asst. Atty. Gen., Frank W. Hunger, David M. Cohen, Director, and James M. Kinsella, Asst. Director, for defendant. Captain Rodger A. Drew, Jr., of counsel.

## ORDER

MOODY R. TIDWELL III, Judge:

This case is before the court on defendant's motion to dismiss for lack of subject matter jurisdiction on the grounds that plaintiff's complaint is barred by the statute of limitations. Plaintiff requested that the motion to dismiss be treated as one for summary judgment; however, for the reasons that follow, the court rejects plaintiff's request and grants defendant's motion to dismiss.

## FACTS

Plaintiff, Dennis T. Cook, enlisted in the United States Air Force in 1968 under a special program allowing overweight people to enter military service provided they eventually lose sufficient weight to bring them within applicable weight standards. Subsequently, he reenlisted four times, the last of which occurred on December 21, 1984. During his last enlistment, an administrative demotion board convened to consider whether plaintiff should be demoted because of his inability to maintain the Air Force weight standards for his age and height. On February 6, 1986, the board demoted plaintiff from the rank of technical sergeant (pay grade E-6) to the rank of staff sergeant (pay grade E-5).

After his demotion, plaintiff continued to exceed applicable weight standards, and an administrative discharge board was convened in May 1986 to consider his discharge from the Air Force. On November 7, 1986, the Air Force honorably discharged plaintiff after more than seventeen years of service. Plaintiff alleged that at the time of his discharge he was eligible for disability separation, but was unable to obtain such a separation because he was discharged before the Medical Evaluation Board (MEB) was able to complete an evaluation of him.[1]

On February 1, 1989, plaintiff applied to the Air Force Board for Correction of Military Records (AFBCMR), seeking (1) reinstatement to active duty at a pay grade of E-6, (2) special consideration for promotion to

---

1. While serving, plaintiff often sought medical attention concerning his various health problems. Plaintiff alleged that his discharge was wrongful because the Air Force was required to give him extensive medical evaluation prior to discharge. Whether the medical evaluation was properly completed is immaterial to whether the statute of limitations has run on plaintiff's claim.

pay grade E–7, (3) removal of the discharge board's actions from his record, and (4) back pay and allowances. Plaintiff did not seek disability retirement pay. On April 17, 1990, the AFBCMR denied his requests.

On December 21, 1993, plaintiff filed a complaint against the United States in the United States District Court for the District of Oregon, seeking review of the decision of the AFBCMR. The district court denied the United States' motion to dismiss, but granted its alternative motion to transfer the case to the United States Court of Federal Claims. 850 F.Supp. 901. On July 13, 1994, plaintiff filed an amended complaint with this court. Plaintiff sought reinstatement to active duty, consideration for promotion to the rank of master sergeant (pay grade E–7), and payment of all back-pay and allowances that he would have received had he not been discharged. Plaintiff did not seek to be medically separated or retired, or to receive disability pay.

By motion filed September 12, 1994, defendant asked this court to dismiss plaintiff's complaint on the grounds that plaintiff's claims were out of time, and that the court therefore lacked subject matter jurisdiction. In the alternative, defendant moved for summary judgment, asserting that there are no genuine issues of material fact and defendant is entitled to judgment as a matter of law.[2] Plaintiff conceded that his claim for wrongful discharge would be outside the statute of limitations; however, he characterized his claim as one for disability retirement pay which accrued three and one-half years ago when the AFBCMR rejected his application.

## DISCUSSION

In considering defendant's motion to dismiss for lack of subject matter jurisdiction, the court must accept as true any undisputed allegations of fact made by the non-moving party. *Reynolds v. Army and Air*

*Force Exch. Serv.,* 846 F.2d 746, 747 (Fed. Cir.1988). When disputed facts relevant to the issue of jurisdiction exist, the court may decide those questions of fact. *Id.; Hedman v. United States,* 15 Cl.Ct. 304, 306 (1988). When subject matter jurisdiction is questioned, the non-moving party bears the burden of establishing the court's jurisdiction. *Reynolds,* 846 F.2d at 748.

As a threshold matter, the court must consider plaintiff's request to treat defendant's motion to dismiss as a motion for summary judgment. In general, RCFC 12(b) governs motions to dismiss: RCFC 12(b)(1) applies when subject matter jurisdiction is questioned; RCFC 12(b)(4) applies if the complaint allegedly fails to state a claim upon which relief can be granted. RCFC 12(b)(4) instructs the court to treat a motion to dismiss as a motion for summary judgment when it considers evidentiary materials outside of the pleadings. RCFC 12(b)(1) contains no similar provision.[3] Defendant attached additional materials to its motion filed pursuant to RCFC 12(b)(1), and plaintiff mistakenly applied the 12(b)(4) evidentiary rule to defendant's 12(b)(1) motion. As such, plaintiff's request to treat defendant's motion as one for summary judgment is inapplicable to the motion before this court, and therefore is denied.

In order to fall within the jurisdiction of the Court of Federal Claims, a claimant must file within the applicable statute of limitations. *Soriano v. United States,* 352 U.S. 270, 273–74, 77 S.Ct. 269, 271–72, 1 L.Ed.2d 306 (1957); *D'Andrea v. United States,* 27 Fed.Cl. 612, 614, *aff'd,* 6 F.3d 786 (Fed.Cir.1993). Pursuant to 28 U.S.C. § 2501, "[e]very claim of which the United States Court of Federal Claims has jurisdiction shall be barred unless the petition thereon is filed within six years after such claim first accrues." 28 U.S.C. § 2501 (Supp.1993). The six-year statute of limitations on claims

2. Defendant did not file for summary judgment along with its original motion to dismiss. The motion for summary judgment was filed subsequently in defendant's reply brief.

3. Although some courts have examined documents outside of the pleadings in deciding 12(b)(1) motions, the court need not decide the appropriateness of doing so here, as none of the

submitted materials or any disputed facts were considered in deciding defendant's motion to dismiss. *See Indium Corp. of America v. Semi-Alloys, Inc.,* 781 F.2d 879, 884 (Fed.Cir.1985), *cert. denied,* 479 U.S. 820, 107 S.Ct. 84, 93 L.Ed.2d 37 (1986); *see also Adams v. United States,* 20 Cl.Ct. 132, 133, n. 1 (1990).

against the United States must be strictly construed because it is a qualification on the government's waiver of immunity. *Hopland Band of Pomo Indians v. United States,* 855 F.2d 1573, 1576–77 (Fed.Cir.1988) (citations omitted). A claim against the United States accrues when "all the events which fix the government's alleged liability have occurred *and* the plaintiff was or should have been aware of their existence." *Id.* at 1577.

■ Claims alleging unlawful discharge from military service accrue on the date of discharge for statute of limitations purposes. *Hurick v. Lehman,* 782 F.2d 984, 986 (Fed. Cir.1986) (citing *Wilson v. United States,* 231 Ct.Cl. 958, 959, 1982 WL 25819 (1982)); *Bonen v. United States,* 666 F.2d 536, 539 (Ct. Cl.1981), *cert. denied,* 456 U.S. 991, 102 S.Ct. 2273, 73 L.Ed.2d 1286 (1982); *Kirby v. United States,* 201 Ct.Cl. 527, 531, 1973 WL 21341 (1973), *cert. denied,* 417 U.S. 919, 94 S.Ct. 2626, 41 L.Ed.2d 224 (1974). Resort to a military corrections board is a permissive, not mandatory, step, and does not suspend the running of the statute of limitations. *D'Andrea,* 27 Fed.Cl. at 614 (citing *Hurick,* 782 F.2d at 987).

■ Plaintiff was discharged from the Air Force on November 7, 1986. He did not file a complaint in the District Court contesting his discharge until December 21, 1993, over seven years after his discharge occurred and over one year after the six-year statute of limitations expired. Although he did appeal his discharge to the AFBCMR in 1989, this appeal was permissive and did not toll the statute of limitations. *See D'Andrea,* 27 Fed. Cl. at 614. Therefore, if plaintiff's claims seeking reinstatement, promotion, and back pay are discharge claims, this court does not have the requisite subject matter jurisdiction to hear this case.

In order to sidestep the statute of limitations for discharge claims, plaintiff attempted to characterize his discharge claims as ones

for disability retirement pay, alleging that he must be reinstated in order to be considered for such pay. This argument is without merit. Plaintiff's argument is based on the rule that disability retirement pay claims do not accrue until there exists " 'final action of a board competent to pass on eligibility for disability retirement.' " *Brownfield v. United States,* 589 F.2d 1035, 1037 (Ct.Cl.1978) (citations omitted); *see also Coon v. United States,* 30 Fed.Cl. 531, 536, *aff'd,* 41 F.3d 1520 (Fed.Cir.1994). The AFBCMR denied plaintiff's application for reinstatement, promotion, and back pay on April 17, 1990. Plaintiff alleged, therefore, that his claims did not accrue until April 17, 1990.

■ The rule requiring final action of a board for accrual of the claim is unique to disability retirement pay claims. *See Mitchell v. United States,* 26 Cl.Ct. 1329, 1331 (1992), *aff'd,* 1 F.3d 1252 (Fed.Cir.1993). Plaintiff's complaint challenged only his alleged unlawful discharge, seeking reinstatement, consideration for promotion, and back pay, but not disability retirement pay.[4] Moreover, the basis for plaintiff's characterization of his claim that reinstatement is required in order for him to seek disability retirement pay is unfounded. Reinstatement is not a prerequisite to a claim for disability retirement pay. *See Beckham v. United States,* 183 Ct.Cl. 628, 632, 392 F.2d 619 (1968); *see also Ferrell v. United States,* 23 Cl.Ct. 562, 565–67 (1991). Claims for disability retirement pay can be brought after the service member retires or is discharged. *Id.* The court thus rejects plaintiff's characterization of his case as one for disability retirement pay and considers only the allegation of unlawful discharge.

Plaintiff's claims for reinstatement, promotion, and back pay accrued upon his discharge, and not when he appealed his discharge to the AFBCMR. Accordingly, the court finds that plaintiff's claims, filed December 21, 1993, are untimely, as the six-year statute of limitations tolled upon his discharge in 1986.

---

4. Even if plaintiff were to claim disability retirement pay, this court may not have jurisdiction because plaintiff never sought disability retirement pay from the appropriate Air Force Board, such as the AFBCMR. As a claim for disability retirement pay does not begin to run until a retirement board has acted or declined to act,

some exhaustion is necessary in military pay cases in order to bring the case to the Court of Federal Claims. *Mitchell,* 26 Cl.Ct. at 1331. When plaintiff appealed his discharge to the AFBCMR, he did not seek disability retirement pay.

## CONCLUSION

Under 28 U.S.C. § 2501, claims against the United States must be filed within six years of the date they first accrue. Plaintiff's complaint, which was filed more than seven years after he was discharged, was untimely. Therefore, defendant's motion to dismiss is granted.

**IT IS SO ORDERED.**

## ORDER ON RECONSIDERATION

TIDWELL, Judge:

This case is before the court on plaintiff's motion for reconsideration, filed pursuant to RCFC 59(a), and motion to allow an amended complaint, filed pursuant to RCFC 15. Plaintiff's motions request that the court reconsider its February 17, 1995 order, which granted defendant's motion to dismiss, and allow it to file an amended complaint seeking disability retirement, rather than reinstatement, promotion, and back pay. The court denies both of plaintiff's motions.

In its February 17 order, the court held that plaintiff's claim for reinstatement was barred by the applicable statute of limitations. *Cook v. United States,* 32 Fed.Cl. 783, 786–87 (Fed.Cl.1995). The court also noted that claims for disability retirement accrue at a different time than claims for reinstatement: The former accrues upon final action of a board competent to pass on eligibility for retirement; the latter accrues at the time of discharge. *Id.* at 786–87. In this case plaintiff never brought a claim for disability retirement before a competent board. Thus, such a claim would not be time-barred.

Nonetheless, even if plaintiff were allowed to file a claim for disability retirement, this court would not have jurisdiction over it. As the court noted in its earlier order, some exhaustion of administrative remedies is required before a claimant can bring an action for disability retirement before this court. *Id.* at 786 n. 4 (citing *Mitchell v. United States,* 26 Cl.Ct. 1329, 1331 (1992)). Thus, although plaintiff's failure to file an action for disability retirement before a board gets plaintiff past the statute-of-limitations hurdle, it places him in front of another insurmountable hurdle. Before this court has jurisdiction over plaintiff's claim for disability retirement, plaintiff must seek relief from a competent board and then, if denied, must file a complaint in this court within six years of the denial.

Plaintiff's motion for reconsideration and motion to file an amended complaint are *denied.*

**IT IS SO ORDERED.**