Robert L. ANDREWS, Jr., Plaintiff,

v.

UNITED STATES, Defendant.

No. 98–23C.

United States Court of Federal Claims.

April 22, 1999.

Terrence J. Benshoof, Kanter, Mattenson, Morgan, & Gordon, Chicago, Illinois, attorney of record for the plaintiff.

Ho Sik Shin, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, D.C., attorney of record for the defendant. Kevin Greenfield, Major, General Litigation Division, United States Air Force Legal Services Agency, of counsel.

## OPINION

HORN, Judge.

The plaintiff, Robert Andrews, Jr., alleges that he was constructively forced to separate from the Air Force on June 6, 1987. In an application dated July 18, 1989, the plaintiff requested a correction of his military records from the Air Force Board for Correction of Military Records (AFBCMR). On April 10, 1991, the AFBCMR denied relief. Plaintiff filed his complaint in this court on January 9, 1998. In response, the defendant filed a motion to dismiss based on the applicable six-year statute of limitations. *See* 28 U.S.C. 2501 (1994).

### FACTS

The plaintiff, Robert Andrews, was formerly a major in the United States Air Force. The plaintiff was commissioned in the Air Force Reserve on June 4, 1972, and entered active duty on August 26, 1972. He received a regular commission on October 10, 1978. According to the complaint, the plaintiff was forced to separate from the Air Force on June 6, 1987, at which time he received an honorable discharge in the grade of major.

In an application dated July 18, 1989, the plaintiff sought relief from the AFBCMR, asking for a correction of his military records. The plaintiff alleged in his application to the AFBCMR that his military records are in error or unjust and require correction, noting that he was "forced to retire from active duty" as a result of actions taken by Air Force personnel. The AFBCMR issued a final decision denying the plaintiff's request on April 10, 1991. The plaintiff contends in a letter to the AFBCMR, dated December 30, 1991, that "neither myself nor the attorneys on both sides received timely notification, myself till November 1991." [1]

In the instant action, the plaintiff's complaint alleges that:

---

1. As is discussed more fully below, even if plaintiff had received notification only in November of 1991, the case before this court, filed on January 9, 1998, was filed well after the six-year statute of limitations had expired.

Petitioner was constructively separated from the Air Force, involuntary, [sic] by the Air Force placing him in a position where he was forced to submit a purported voluntary resignation before his son's disability and health conditions deteriorated further, or wait until he was forced out of the Air Force by passover for promotion while his son's disability and health conditions worsened.

Plaintiff contends that, in violation of Air Force regulations, proper treatment for his son's Attention Deficit Disorder was not provided by the Air Force. The plaintiff further contends he was transferred several times to different Air Force bases, none of which could provide the proper care for his son. Moreover, the plaintiff alleges that he was threatened with unfavorable personnel actions, forced to take several unnecessary mental health evaluations, removed from flight status, and assigned as an air crew scheduling assistant, despite the fact that he was qualified as a navigator/bombardier. According to the plaintiff, due to these actions, he was forced to submit his resignation, and considers his separation from the Air Force to be involuntary. The plaintiff seeks reinstatement into the United States Air Force with back pay, plus all promotions which he would have received as if he had been on continuous active duty, or, in the alternative, that he be retired at the grade of major at judgment in this suit.

Plaintiff had filed a previous case in the United States District Court for the Northern District of Texas, which was transferred to this court and filed as Case No. 90–325 in the United States Claims Court, our predecessor court. That case was dismissed on September 3, 1991 for lack of jurisdiction, based on plaintiff's voluntary resignation from the Air Force. In the case at bar, the defendant has filed a motion to dismiss the plaintiff's complaint alleging that this court lacks jurisdiction and that the suit is barred by the statute of limitations contained in 28 U.S.C. § 2501. In the case at bar, government counsel failed to address the impact of the dismissal of defendant's prior lawsuit in this court.

## DISCUSSION

In his complaint, plaintiff does mention the previous case filed by him in this court, "cause 90–325," which he indicates was dismissed for want of jurisdiction, although he does not discuss that earlier case further. The first complaint in the United States Claims Court (a predecessor court to this court) was filed on May 30, 1990. In the 1990 complaint filed in the Claims Court, the plaintiff alleged a "breach of an implied contract for services" arising from plaintiff's "attempts to secure legally protected rights of his dependant son" and sought "correction of his military records." The plaintiff also claimed that the actions of the Air Force caused him to involuntarily retire from active duty. Plaintiff at that time asked for reinstatement in the Air Force retroactive to June 7, 1987, all the promotions he would have received if he had been on continuous active duty, or, in the alternative, medical retirement as of June 6, 1987, or, in the alternative, retirement at the convenience of the Secretary of the Air Force, and attorney's fees and costs.

In response to the plaintiff's 1998 complaint, in Case No. 98–23C, government counsel stated in the motion to dismiss papers:

> In his complaint, Mr. Andrews makes reference to case number 90–325C, filed in the United States Claims Court, which he states was dismissed for lack of jurisdiction. The Office of the Clerk of the Court of Federal Claims did not have record of this suit, and the Government has been unable, as of this date, to obtain information regarding it. Therefore, we reserve the right to raise defenses of res judicata and/or collateral estoppel should they be applicable.[2]

In the order of the court dismissing the 1990 complaint, Case No. 90–325C, the judge assigned the case stated: "plaintiff's complaint does not allege facts suggesting that

---

2. The court is somewhat surprised at this representation by government counsel. Within five minutes of inquiry by the undersigned judge

about Case No. 90–325, the Clerk's Office provided a copy of the docket sheet in that action, and a copy of the case file shortly thereafter.

the resignation was other than voluntary; nor does plaintiff's counsel supply the needed information, having been given the opportunity to supplement his complaint. This court lacks subject matter jurisdiction to inquire further."

The related doctrines of collateral estoppel (issue preclusion) and *res judicata* (claim preclusion) were summarized by the United States Supreme Court as follows:

A fundamental precept of common-law adjudication, embodied in the related doctrines of collateral estoppel and *res judicata*, is that a "right, question or fact distinctly put in issue and directly determined by a court of competent jurisdiction ... cannot be disputed in a subsequent suit between the same parties or their privies...." *Southern Pacific R. Co. v. United States*, 168 U.S. 1, 48–49, 18 S.Ct. 18, 42 L.Ed. 355 (1897). Under *res judicata*, a final judgment on the merits bars further claims by parties or their privies based on the same cause of action. *Cromwell v. County of Sac*, 94 U.S. 351, 352, 24 L.Ed. 195 (1876); *Lawlor v. National Screen Service Corp.*, 349 U.S. 322, 326, 75 S.Ct. 865, 99 L.Ed. 1122 (1955); 1B J. Moore, Federal Practice ¶ 0.405[1], pp. 621–624 (2d ed.1974) (hereinafter 1B Moore); Restatement (Second) of Judgments 47 (Tent. Draft No. 1, Mar. 28, 1973) (merger); *id.*, 48 (bar). Under collateral estoppel, once an issue is actually and necessarily determined by a court of competent jurisdiction, that determination is conclusive in subsequent suits based on a different cause of action involving a party to the prior litigation. *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 326 n. 5, 99 S.Ct. 645, 58 L.Ed.2d 552 (1979); Scott, Collateral Estoppel by Judgment, 56 Harv. L.Rev. 1, 2–3 (1942); Restatement (Second) of Judgments 68 (Tent. Draft No. 4, Apr. 15, 1977) (issue preclusion). Application of both doctrines is central to the purpose for which civil courts have been established, the conclusive resolution of disputes within their jurisdictions. *Southern Pacific R. Co., supra*, at 49, 18 S.Ct. 18; *Hart Steel Co. v. Railroad Supply Co.*, 244 U.S. 294, 299, 37 S.Ct. 506, 61 L.Ed. 1148 (1917). To preclude parties from contesting matters that they have had a full and fair opportunity to litigate protects their adversaries from the expense and vexation attending multiple lawsuits, conserves judicial resources, and fosters reliance on judicial action by minimizing the possibility of inconsistent decisions.

*Montana v. United States*, 440 U.S. 147, 153–54, 99 S.Ct. 970, 59 L.Ed.2d 210 (1979) (footnote omitted).

■ The doctrines of *res judicata* and collateral estoppel operate to prevent the relitigation of a claim or issue that has already had its day in court. *Mark Smith Constr. Co. v. United States*, 15 Cl.Ct. 32, 35–36 (1988). By affording a claimant only one opportunity to obtain redress, the doctrines conserve judicial resources, foster reliance upon judicial decisions, and protect litigants from vexatious and needless litigation. *Id.* at 36; *Martin v. United States*, 30 Fed.Cl. 542, 546, *aff'd*, 41 F.3d 1519, 1994 WL 623212 (Fed. Cir. 1994); *Lins v. United States*, 4 Cl.Ct. 772, 777, *aff'd*, 758 F.2d 666 (Fed.Cir. 1984).

■ In *Mother's Restaurant Inc. v. Mama's Pizza*, 723 F.2d 1566 (1983), the United States Court of Appeals for the Federal Circuit articulated the four factors to determine collateral estoppel or issue preclusion:

(1) the issues to be concluded are identical to those involved in the prior action; (2) in that action the issues were raised and "actually litigated"; (3) the determination of those issues in the prior action was necessary and essential to the resulting judgment; and (4) the party precluded ... was fully represented in the prior action.

*Id.* at 1569–70 (citations omitted) (footnote omitted).

■ The only difference between plaintiff's 1990 complaint (Case No. 90–325C) and the one currently before the court (Case No. 98–23C) is that in the 1990 complaint, plaintiff included one additional claim, which he does not include in his 1998 complaint, requesting, in the alternative, he be medically retired as of June 6, 1987. The alleged facts on which plaintiff bases both suits are the

same. The September 3, 1991 dismissal order issued in Case No. 90–325C properly disposed of plaintiff's case based on plaintiff's voluntary resignation from the Air Force. The dismissal order discussed the merits of plaintiff's case, to the extent of determining that there was no evidence showing that Mr. Andrews' separation from the Air Force was involuntary. This prior decision, by a court of competent jurisdiction, addressed the same legal and factual issues the plaintiff attempts to present in the instant action, as is evident in the dismissal order in the 1990 action:

> plaintiff resigned his commission on February 5, 1987, signing a form requesting dismissal from the Air Force so that he could "attend to the medical needs of my family." Plaintiff does not dispute the authenticity of the documents by which he requested and was granted resignation and an honorable discharge.

> Plaintiff's complaint does not allege facts suggesting that the resignation was other than voluntary; nor does plaintiff's counsel supply the needed information, having been given the opportunity to supplement his complaint.

It is apparent that Mr. Andrews was already provided ample opportunity in the 1990 complaint to pursue his claim. The facts have not changed since that time. This court, under the doctrines of collateral estoppel and *res judicata*, is precluded from entertaining suits in which a party has had a "full and fair opportunity to litigate" an issue or claim before a court of competent jurisdiction. *Montana v. United States*, 440 U.S. at 153–54, 99 S.Ct. 970. It is the opinion of this court that the issues and facts regarding plaintiff's voluntary resignation were previously and fully litigated and resolved in Case No. 90–325C. Relitigation of this issue before this court would allow plaintiff a second opportunity to obtain redress, drain judicial resources, attempt to create inconsistent judicial decision making, and force the defendant to engage in extended and unneeded litigation. The plaintiff is precluded from again raising these claims before this court at this time.

Although plaintiff's personal circumstances may have been difficult, the plaintiff needs to understand that even if his case were not foreclosed by the earlier decision in this court on Case No. 90–325C, he would also be foreclosed from bringing Case No. 98–23C due to another jurisdictional defect, an expired statute of limitations. The record in the case at bar reflects that the plaintiff separated from the Air Force effective June 6, 1987, and that approximately ten and one-half years elapsed before the plaintiff filed the above-captioned complaint in this court on January 9, 1998.

■ A six-year statute of limitations, 28 U.S.C. § 2501, governs military pay claims brought in this court. The statute of limitations time limit "is jurisdictional in nature and, as an express limitation on the waiver of sovereign immunity, may not be waived." *Hart v. United States*, 910 F.2d 815, 818–19 (Fed.Cir.1990); *see also Colon v. United States*, 35 Fed.Cl. 515, 517 (1996). Furthermore, a claim challenging an involuntary discharge from the military first accrues on the date the service member is discharged. *Hurick v. Lehman*, 782 F.2d 984, 986 (Fed. Cir.1986) (citing *Wilson v. United States*, 231 Ct.Cl. 958, 959 (1982)); *see Cook v. United States*, 32 Fed.Cl. 783, 786 (1995).

The plaintiff argues that the six-year statute of limitations does not apply, because he has not exhausted his administrative remedies and that if the plaintiff had filed his complaint in this court prior to exhaustion, the defendant then would have sought dismissal for failure to exhaust administrative remedies. Plaintiff further argues that as a result of the administrative proceedings being "strung ... along for nearly seven years," by the AFBCMR, the six-year statute of limitations had elapsed, thus, making it impossible for the plaintiff to bring his claim at all. Plaintiff's counsel does not cite any authority to support this argument.

■ In military pay cases such as the one at bar, the rule in this court is settled; exhaustion of administrative proceeding is not necessary to file suit in this court. See *Heisig v. United States*, 719 F.2d 1153, 1155 (Fed.Cir.1983) ("It is settled law that claims for military pay and allowances are action-

able under the Tucker Act; although relief has usually been first sought from military correction boards since their creation in 1946, there is here no requirement of exhaustion of administrative remedies prior to pursuit of judicial review.") (footnote omitted). Similarly, "the Court of Claims ... has held that resort to a Correction Board is permissive (rather than a mandatory) step, which does not suspend the running of the statute." *Hurick v. Lehman,* 782 F.2d 984, 987 (Fed. Cir.1986) (citations omitted); *See also Mathis v. United States,* 183 Ct.Cl. 145, 148, 391 F.2d 938 (1968) ("We held in *Kirk v. United States,* [164 Ct.Cl. 738, 742–43 (1964)], that resort to the Discharge Review Board is permissive, not mandatory, and the same is true, *a fortiori,* of the Correction Board."); *West v. United States,* 35 Fed.Cl. at 230 ("Resort to a correction board is permissive, not mandatory, in military pay cases and exhaustion of administrative remedies is therefore not required before such cases may be heard by the court.") (citations omitted); *Cook v. United States,* 32 Fed.Cl. at 786; *Wyatt v. United States,* 23 Cl.Ct. at 318.

In *Kirk v. United States,* the court noted that the statute of limitations is not tolled by administrative proceedings unless the pertinent statute requires a prior administrative determination as a condition precedent. *Kirk v. United States,* 164 Ct.Cl. at 742–43.[3] The application for correction of military records by the AFBCMR is authorized by 10 U.S.C. § 1552 (1994). There is, however, nothing in these statutory provisions requiring resort to a corrections board prior to filing a complaint with this court. We, therefore, conclude that seeking relief from the Board is permissive not mandatory. Similarly, a review of the Air Force's implementing procedures provides no indication that resort to the Board is mandatory before filing a complaint in this court. *See* 32 C.F.R. § 865.7 (1995). Since resort to a correction board is not mandatory, the time to file in this court is not tolled by application to, and

proceedings before, the board. Therefore, in the case at bar, the six-year statute of limitations has elapsed. Plaintiff was discharged on June 6, 1987, and filed the above-captioned complaint in this court on January 9, 1998, approximately ten and one-half years later (and over seven and one-half years after plaintiff's earlier complaint was dismissed on September 3, 1991).

### CONCLUSION

For all of the reasons discussed above, defendant's motion to dismiss is **GRANTED,** and the plaintiff's complaint is dismissed, with prejudice. Costs shall be awarded to the defendant.

**IT IS SO ORDERED.**

---

3. The United States Court of Claims opinion in *Kirk* is consistent with the later United States Supreme Court opinion in *Darby v. Cisneros,* 509 U.S. 137, 113 S.Ct. 2539, 125 L.Ed.2d 113 (1993), which concluded, in an Administrative Procedure Act analytical framework, that when the APA applies, exhaustion of administrative

remedies is required prior to judicial review *"only* when expressly required by statute or when an agency rule requires [agency] appeal before [judicial] review and the administrative action is made inoperative pending that review." *Id.* at 154, 113 S.Ct. 2539 (emphasis in original).